## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ERIC FLORENCE and AISHA BUNDAGE, | |
| Plaintiff, | Case No. 1:22-cv-7210 |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| ORDER EXPRESS, INC., | |
| Defendant. | Hon. Virginia M. Kendall |
| | Magistrate Judge Hon. Maria Valdez |

## DEFENDANT ORDER EXPRESS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF ERIC FLORENCE AND AISHA BUNDAGE'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R.CIV. PRO. 12(b)(1) AND 12(b)(6)

Defendant, Order Express, Inc. (hereinafter "Order Express"), by and through its undersigned counsel, respectfully moves this Honorable Court to Dismiss Plaintiff Eric Florence (hereinafter "Plaintiff Florence") and Aisha Bundage's (hereinafter "Plaintiff Florence" and collectively referred to as "Plaintiffs") claims against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and submits this memorandum in support thereof.

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS ..........................2

III.  LEGAL ARGUMENT ........................................................................................3

    A.  The Amended Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Standing ........................................................................3

        1.  Neither Plaintiff has Established Concrete Harm ..............................8

           i.    Mitigation-Related Damages and Allegations of Emotional Distress do not Convey Standing without Concrete Injury ......8

           ii.   Allegations of a Loss of Privacy do not Convey Standing..........9

           iii.  Allegations of Diminished Value of PII does not Convey Standing ........................................................................................9

        2.  Plaintiff Florence has not Adequately Plead Imminent Future Harm ................................................................................................10

        3.  Plaintiff Bundage has not Adequately Plead Concrete Harm to Entitle Her to Monetary Damages ......................................................11

    B.  The Amended Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted .................................................................................11

        1.  Order Express is Exempt from Prosecution Under the CCPA ........12

        2.  Order Express Provided Proper Notice to Cure ...............................13

IV.  CONCLUSION ................................................................................................13

## TABLE OF AUTHORITIES

**CONSTITUTIONAL REFERENCES**

U.S. Const. art. III, § 2 .................................................................................................4

**CASES**

*Am. Legion v. Am. Humanist Ass'n*, 588 U.S. ---, 139 S.Ct. 2067, 204 L.Ed.2d 452 (2019)..........5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...............................................................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................12

*Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019)........................................4, 5

*Clapper v. Amnesty Int'l USA*, 586 U.S. 398, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) ...........6, 8

*Davis v. Fed. Election Comm'n*, 554 U.S. 724, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) .............4

*Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146 (7th Cir. 2022) .................................................7, 8

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ...................4

*Greenstein v. Noblr Reciprocal Exch.*, 585 F.Supp.3d 1220 (N.D. Cal. 2022)...............................9

*In re Facebook Internet Tracking Litig.*, 140 F.Supp.3d 922 (N.D. Cal. 2015) ...........................10

*Kim v. McDonald's USA, LLC*, 2022 WL 4482826 (N.D. Il. Sept. 27, 2022) ...........................7, 8

*Kylie S. v. Pearson PLC*, 475 F.Supp.3d 841 (N.D. Il. 2020) ...........................................9

*Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016) ................................6, 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)...............4

*Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed.60 (1803) .................................................3

*Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934 (7th Cir. 2022)...........................6, 7, 8

*Remijas v. Nieman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015)...................................6, 9

*Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).......4

*Spokeo, Inc. v. Robbins*, 578 U.S. 330, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) .....................5, 6

*Summers v. Earth Island Institute*, 555 U.S. 488, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009) .............6

*Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301 (N. D. Cal. 2016)..............10

*TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021) .........4, 5, 7, 8

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 443, 136 S.Ct. 1036 (2016) ......................................5

*Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ....................................5, 11

*Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ...........................4

## I.    **INTRODUCTION**

We live in a data driven world. Our lives are both driven by and dependent upon ever flowing data—from ordinary retail transactions to utilities and financial transactions. As our technological world evolves, the risks of accessible data have grown. Data has increasingly become a target for malicious, criminal actors who launch debilitating attacks on information security systems large and small. These attacks, commonly referred to as data breaches, have become a common occurrence. There are many examples of massive, widely publicized data breaches, such as an attack on Equifax compromising social security numbers of 143 million Americans[1], and the 500 million Marriott hotel patrons[2] whose personal data was accessed by criminal actors. And as industries respond with increased security and modified behaviors, threat actors have evolved increasingly sophisticated tactics designed to penetrate even the most thorough of defenses.

Before this Court are allegations related to one such breach. Plaintiff purportedly brings this Amended Class Action on behalf of a proposed class of more than 63,000 individuals whose personally identifiable information ("PII") was compromised by a data breach impacting Order Express's information network. The Amended Class Action Complaint seeks a number of remedies, including injunctive relief and monetary damages. Order Express submits that Plaintiff Florence has failed to establish standing for injunctive relief or monetary damages, and respectfully moves this Honorable Court to dismiss Plaintiff Florence's Amended Class Action Complaint pursuant to Fed. R. Civ. P 12(b)(1) with prejudice. Further, Order Express submits that

---

[1] Tara Siegel Bernard, Tiffany Hsu, Nicole Perlroth, & Ron Lieber, *Equifax Says Cyberattack May Have Affected 143 Million in the U.S.*, N.Y. TIMES, Sept. 7, 2017.

[2] *See* Aisha Al-Muslim, Dustin Volz, & Kimberly Chin, *Marriott Says Starwood Data Breach Affects Up to 500 Million People,* WALL ST. J., Nov. 30, 2018.

Plaintiff Bundage has failed to establish standing for monetary damages, and respectfully moves this Honorable Court to dismiss Plaintiff Bundage's Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) with prejudice. Further, Plaintiff's claims under Cal. Civ. Code 1797.100 ("CCPA") fail as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) and should be dismissed with prejudice.

## II.     PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS

Plaintiff Florence initiated this putative class action by filing a Class Action Complaint in the United States District Court for the Northern District of Illinois on December 28, 2022. Order Express filed a Motion to Dismiss pursuant to Rule 12(b)(1) on February 20, 2023. Plaintiffs filed an Amended Complaint (hereinafter "FAC") on March 2, 2023. (ECF No. 15).

Plaintiff purportedly brings this action on behalf of a proposed class of more than 63,000 individuals whose personally identifiable information ("PII") was compromised by a data breach impacting Order Express's information network. (FAC at ¶¶ 1, 5). On September 7, 2022, Order Express discovered unusual activity on its computer network. (*Id.* at ¶ 33, quoting Notice of Data Breach, ECF No. 15-1). Order Express immediately began a forensic investigation which concluded on November 18, 2022. (*Id.*) Order Express learned that between July 29 and September 7 of 2022, an unauthorized party accessed its computer network. (*Id.*)

During the time Order Express was conducting its investigation, reports began to surface on the Internet that Order Express had been subject to a ransomware attack by a group called "CL0P." (*Id.* at ¶ 7). The report went on to state that PII had been accessed in the attack, and that the "ransom deadline" was September 19, 2023. (*Id.* at ¶ 8). Another website reported that information from the attack, including PII, was published on the dark web. (*Id.* at ¶ 9).

On December 15, 2022, Order Express notified various state attorneys general about the breach. (*Id.* at ¶ 11). Attorneys General were notified that the breach implicated PII including Social Security Numbers ("SSNs") and driver's license numbers of some impacted consumers. (*Id.*) Order Express also notified persons impacted by the breach. (*Id.* ¶ 12). Individuals were provided breach notification letters that included the data implicated specific to each recipient. (*Id.*) Plaintiff Florence was notified that his driver's license number "may have been accessed and/or acquired by an unauthorized actor." (*Id.* at ¶¶ 34, 75). Plaintiff Bundage was notified that her social security or tax identification number "may have been accessed and/or acquired by an unauthorized actor." (*Id.* at ¶ 83).

Plaintiffs allege that, as a result of the data breach, their PII "may have been accessed and/or acquired by an unauthorized actor." (*Id.* at ¶¶ 76, 84). As a result, Plaintiffs allege that they will forever be worried about future use of their personal information. (*Id.*) This concern is based on the allegations that Plaintiffs' PII "has ended up for sale on the dark web, and may fall into the hands of companies that will use the detailed PII for targeted marketing[.]" (*Id.* at ¶ 39). Plaintiffs further allege that they have spent time verifying the breach notification letter and monitoring their accounts. (*Id.* at ¶¶ 77, 85). Finally, Plaintiffs allege that they and members of the proposed Class have experienced injuries including diminished value of PII, costs associated with prevention and recovery as a result of identity theft or fraud, lost time due to mitigation efforts in response to the breach, disclosure of private information, and increased risk to PII. (*Id.* at ¶ 20).

## III.   LEGAL ARGUMENT

### A.   The Amended Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Standing

Federal courts are limited to decisions affecting "the rights of individuals." *Marbury v. Madison*, 5 U.S. 137, 2 L.Ed.60 (1803). The United States Constitution limits jurisdiction of the

courts of the United States to cases and controversies. U.S. Const. art. III, § 2. In order to present a case or controversy, a plaintiff must establish three elements- injury in fact, causation, and redressability. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual, or imminent, not 'conjectural' or hypothetical.'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990)) (internal citations omitted). Further, a plaintiff must establish causation: a showing that the injury alleged is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)). Finally, a plaintiff must demonstrate a likelihood that a favorable outcome will redress the injury alleged. *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136. Such a showing is essential to establishing a plaintiff's standing to bring suit and must be demonstrated "with the manner and degree of evidence required at the successive stages of the litigation . . ." *Id.* Simply stated, absent "an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs., Inc.,* 926 F.3d 329, 333 (7th Cir. 2019).

"As the party invoking federal jurisdiction, the [plaintiff] bear[s] the burden of demonstrating that they have standing." *TransUnion LLC v. Ramirez,* --- U.S. ---, 141 S.Ct. 2190, 2207–08, 210 L.Ed.2d 568 (2021) (citing *Lujan*, 504 U.S. at 561). Plaintiffs must establish standing for each claim raised and each form of relief sought. *Id.* at 2208; *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). Further, "every class

member must have Article III standing in order to recover individual damages in a class action." *Transunion,* 141 S.Ct. at 2208 (citing *Tyson Foods, Inc. v. Bouaphakeo,* 577 U.S. 443, 136 S.Ct. 1036 (2016)). As standing is a matter of jurisdiction, a defendant may challenge jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

To preserve the role of the judiciary, "a federal court may only resolve 'a real controversy with real impact on real persons." *Transunion,* 141 S.Ct. at 2203 (citing *Am. Legion v. Am. Humanist Ass'n.,* 588 U.S. ---, 139 S.Ct. 2067, 2103, 204 L.Ed.2d 452 (2019) (Gorsuch, J., concurring)). A purported injury in fact must "be concrete – that is, real and not abstract." *TransUnion*, 141 S.Ct. at 2204 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016)) (internal quotation marks omitted). An alleged breach of duty or statute alone does not give rise to a concrete injury. "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion*, 141 S.Ct. at 225 (quoting *Casillas v. Madison Ave. Assocs., Inc.,* 926 F.3d 329 (7th Cir. 2019)).

In a putative class action, the named plaintiff must personally establish standing under Article III. *Warth v. Seldin*, 422 U.S. 490, 501–02, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The named plaintiff "must allege and show that they have personally been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent[.]" *Id.* at 502. A plaintiff who fails to allege standing individually is not qualified to seek relief on behalf of a proposed class. *Id.*

Generally, tangible harms are most easily recognizable as concrete injuries. *Spokeo*, 578 U.S. at 340–41, 136 S.Ct. at 1549. That said, intangible harms may also be recognized as concrete harms. *Id.* In limited circumstances, the threat of future injury may also give rise to a cognizable

claim.  However, courts have sagely limited the justiciability of claims based solely on future injury.  In that regard, "threatened injury must be *certainly impending* to constitute injury in fact," and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 586 U.S. 398, 409, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013) (emphasis in original) (internal quotations omitted).  A plaintiff cannot establish standing by simply "rely[ing] on a highly attenuated chain of possibilities" or speculation about future acts of persons unknown. *Id.* at 411 (citing *Summers v. Earth Island Institute,* 555 U.S. 488, 496, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)).

"Until recently there was a hint that the mere 'risk of real harm' could concretely injure plaintiffs seeking money damages." *Pierre v. Midland Credit Management, Inc.,* 29 F.4th 934 (7th Cir. 2022) (citing *Spokeo*, 578 U.S. at 341). For example, in *Remijas v. Nieman Marcus Group, LLC,* plaintiffs brought a class action alleging damages after a data breach sustained by a luxury retail store caused disclosure of sensitive credit card information belonging to the plaintiff and class members.  794 F.3d 688 (7th Cir. 2015).  Notably, approximately 9,200 of the disclosed credit cards experienced fraudulent charges.  *Id.*  Ultimately, the court held that the occurrence of the data breach placed the plaintiff in substantial risk of identity theft and credit card fraud, warranting standing under Article III.  *Id.* at 697.  The Seventh Circuit reached a similar result the following year, holding that it was "plausible to infer a substantial risk of harm from [a] data breach" involving stolen credit card information.  *Lewert v. P.F. Chang's China Bistro, Inc.,* 819 F.3d 963 (7th Cir. 2016).  In *Lewert,* the court found that the stolen credit card information placed the plaintiffs at risk for both fraudulent charges and identity theft, particularly as one of the named plaintiffs had already experienced fraudulent charges. *See Id.* Ultimately, the Seventh Circuit

concluded that the demonstrated risk of fraud coupled with mitigation expenses related to the breach conveyed standing. *See Id.* at 969.

Subsequently, however, the Seventh Circuit reevaluated its rulings on standing in accordance with the Supreme Court's decision in *TransUnion*, 141 S.Ct. at 2210 (wherein the Supreme Court held that a certainly impending risk of future harm applied only to claims seeking injunctive relief, and ***allegations of future harm, even if sufficiently imminent, cannot convey standing for an action for damages***). The Seventh Circuit has recognized that *TransUnion* clarifies the limitations of standing in actions alleging the risk of future harm. *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1151 (7th Cir. 2022) ("The Court's recent decision in *TransUnion* clarified that a risk of future harm is concrete only if the suit is for injunctive relief.").

As the court found in *Ewing*, "An injury-in-fact must be concrete, particularized, and actual or imminent. A concrete injury is essential to standing: 'No concrete harm, no standing.'" *Id.* (quoting *TransUnion*, 141 S. Ct. at 2200). *Ewing* held that, in light of *TransUnion*, allegations of future harms may only be said to be concrete injuries in an action for injunctive relief. *See id.* ("*TransUnion* makes clear that a risk of future harm, without more, is insufficiently concrete to permit standing to sue for damages in federal court."). Such allegations, therefore, cannot give rise to standing in an action for damages. *Id.* at 1152. The *Ewing* court further found that an alleged risk of future exposure of information did not constitute a concrete injury in an action for damages. *Id.*

Although *Ewing* and *TransUnion* were actions brought under the Fair Debt Collection Practices Act and Fair Credit Reporting Act, respectively, their holdings still apply in the instant matter. The doctrine of standing requires consistency. A recent decision within the Northern District of Illinois applied the *Ewing* and *Pierre* decisions in the context of a data breach and

reached a similar conclusion. *See Kim v. McDonald's USA, LLC*, No. 21-CV-05287, 2022 WL 4482826 (N.D. Ill. 2022) (finding plaintiffs lacked Article III standing to pursue claims for increased risk of future harm, mitigation and emotional distress injuries, and loss of privacy claims stemming from data breach).

### 1. Neither Plaintiff has Established Concrete Harm

A plaintiff must establish a concrete harm in order to establish standing. *TransUnion*, 141 S.Ct. at 2204. Here, neither Plaintiff has made allegations sufficient to satisfy this burden. Plaintiffs have not alleged any actual misuse of their PII, nor any financial loss therefrom. Instead, Plaintiffs' alleged damages are limited to the *potential* misuse of their PII, mitigation-related damages, emotional distress, loss of privacy, and the diminished value of their PII. (FAC at ¶¶ 19, 76, 84). For the reasons set forth below, none of these allegations of potential harm establish standing.

#### i. Mitigation-Related Damages and Allegations of Emotional Distress do not Convey Standing without Concrete Injury

Plaintiffs allege that as a result of the breach, they have spent an unspecified amount of time verifying the breach notification letter and monitoring unspecified accounts. (FAC at ¶¶ 77, 85). Plaintiffs further allege that "for the rest of [their] life, [they] will have to worry about when and how his sensitive information may be shared or used to [their] detriment." (*Id*. at ¶¶ 76, 84). As noted by the Supreme Court, standing is not conveyed by allegations of mitigation and other such reactions to potential future risk if the threatened harm is not "certainly impending." *Clapper*, 568 U.S. at 416 (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."). Plaintiffs have not alleged any actual injury *or* imminent harm. Therefore, Plaintiffs' allegations of emotional harm or mitigation do not and cannot convey standing.

### ii.   Allegations of a Loss of Privacy do not Convey Standing

Plaintiffs further allege concrete injury in the form of a loss of privacy.  (FAC at ¶ 19).
Specifically, Plaintiff Florence avers that his driver's license "may have been accessed/or acquired
by an unauthorized actor. The confidentiality of Plaintiff's sensitive information has been
irreparably harmed."  (FAC at ¶ 76).  Similarly, Plaintiff Bundage alleges that her social security
number "may have been accessed/or acquired by an unauthorized actor. The confidentiality of
Plaintiff's sensitive information has been irreparably harmed."  (FAC at ¶ 84).  This theory of
injury was explored by the Seventh Circuit in *Remijas*, where the court ultimately found that an
allegation of loss of privacy as pleaded did not support standing. 794 F.3d at 695.  The court noted
that this theory presupposed that federal law recognizes a property right in one's personal
information that was not supported by law.  *Id.*  This "abstract injury" did not warrant a finding of
standing.  *Id.*  Similarly here, Plaintiffs' suggestion that the confidentiality of their PII has been
compromised is not more persuasive. Accordingly, this allegation does not create standing.

### iii.   Allegations of Diminished Value of PII do not Convey Standing

This court has addressed allegations of injury based on purportedly diminished value of a
plaintiff's PII.  *See Kylie S. v. Pearson PLC*, 475 F.Supp.3d 841 (N.D. Il. 2020). In that case, the
district court held that decreased value of personal information could not establish standing.  *Id.* at
849.  Absent allegations that the plaintiff had sold or would sell their personal information or
allegations cyber criminals had attempted to sell or trade the plaintiff's personal information for
value, the court held this theory of damages is inherently speculative.  *Id.*

Other districts have reached similar conclusions, finding that a plaintiff must first "establish
both the existence of a market for her personal information and an impairment of her ability to
participate in that market." *Greenstein v. Noblr Reciprocal Exch.*, 585 F.Supp.3d 1220, 1229 (N.D.

Cal. 2022) (quoting *Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301, at *9 (N. D. Cal. 2016) (additional citations omitted)); *see also In re Facebook Internet Tracking Litig.*, 140 F.Supp.3d 922, 930–32 (N.D. Cal. 2015) (finding no standing where plaintiffs alleged a reduction in the value of their information where plaintiffs did "not allege they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction.").  Similarly, a plaintiff cannot equate an alleged loss of privacy to diminution of value—a loss of privacy does not constitute an economic loss.  *Id.*

Here, Plaintiffs' alleged diminution of value injury is neither particularized nor concrete. Plaintiffs have not pleaded that any person or persons has sold or traded their personal information. Furthermore, Plaintiff Florence has failed to adequately plead the existence of a legitimate market for the sale of his PII or PHI. Moreover, Plaintiffs' conclusory statements that their information has lost its value is unavailing. Plaintiffs have not suggested that they have attempted or will someday attempt to sell such information. To the contrary, the basis of Plaintiffs' suit is their claim that the potential sale of their personal information would cause them and the proposed Class an increased risk of future harms. These allegations are therefore insufficient to grant standing.

### 2.  Plaintiff Florence has not Adequately Plead Imminent Future Harm

Plaintiff Florence's claim relies in large part on the premise that he is subject to an imminent risk of harm as a result of the data breach, particularly his SSN, credit card information, and driver's license number.  (FAC at ¶¶ 65–66).  However, Florence alleges "imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from his PII, *especially his drivers license* number, being placed in the hands of unauthorized third parties and possibly criminals."  (*Id.* at ¶ 81) (emphasis added).  Importantly, Plaintiff Florence has not alleged compromise of his Social Security number.  Florence was merely

notified that his "driver's license number *may have been* accessed and/or acquired by an authorized actor." (FAC at ¶¶ 34, 75). Florence cannot establish an injury-in-fact by simply referring *potential* compromise of the Social Security number of an unnamed Class member. Instead, he must have standing based solely on the injuries he allegedly experienced. *Warth*, 422 U.S. at 501–02. Plaintiff Florence has not pleaded facts or evidence to support an imminent risk of injury as a result of the potential compromise of *his* PII. The general, boilerplate averments in the FAC do not support a conclusion that the *possible* compromise of Plaintiff's driver's license number places him at imminent risk of fraud or identity theft. Accordingly, Plaintiff Florence lacks standing to bring this action.

### 3. Plaintiff Bundage has not Adequately Plead Concrete Harm to Entitle Her to Monetary Damages

As argued above, Plaintiff Bundage has failed to establish a concrete harm. Plaintiff Bundage does not allege any actual misuse of her PII. Nor has she suffered any financial injury. Her mitigation efforts and emotional distress do not amount to concrete harm. Neither does a loss of privacy of the diminished value of her PII. Instead, she argues "imminent and impending injury" resulting from the possible exposure of her social security number or tax identification number. FAC at ¶¶ 83, 89. Order Express does not concede that these allegations constitute imminent future harm; at best, these allegations afford Plaintiff Bundage standing to bring suit for injunctive relief, but not damages. Accordingly, Plaintiff Bundage's claims for damages must be dismissed.

### B. The Amended Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge of legal sufficiency. According to Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." The plaintiff's complaint need not include

a specific accounting, but must set forth a plausible claim of relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, a complaint must be factually possible. As explained by the Supreme Court in *Ashcroft v. Iqbal*:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

Count IV of Plaintiffs' Amended Complaint includes a claim under the California Consumer Privacy Act, Cal. Civ. Code 1798.100 ("CCPA"). The CCPA grants statutory privacy rights to California residents. *Id.* Importantly, the CCPA does not apply to data collected by financial institutions for the purpose of providing financial services or products. The CCPA specifically exempts information that is subject to the Gramm-Leach Bliley Act ("GBLA"), such as information generated from consumer accounts and transactions for services and products. Cal. Civ. Code 1798.145(e). The statute defines "financial institution" as a company that is "significantly engaged" in "financial activities." 16 CFR 313.3(k)(1).

### 1. Order Express is Exempt from Prosecution Under the CCPA

There is no question Order Express is a financial institution, since Plaintiffs' Amended Complaint specifically designates them as such. (FAC at ¶ 2). Plaintiffs plead that they provided PII to Order Express in order to purchase financial goods and services. (FAC at ¶¶ 75, 83). This type of information is specifically exempt from the CPPA. Cal. Civ. Code 1798.145(e). The statute and cause of action simply does not apply to the allegations in Plaintiffs' Amended

Complaint. Therefore, Plaintiffs have failed to state a claim as a matter of law and Count IV should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. Order Express Provided Proper Notice to Cure

Though the CCPA does not apply to the subject data breach, Order Express complied with the statute's requirement to respond to a notice to cure. According to the CCPA, a plaintiff must specify what provisions of the statute they believe were violated. Cal. Civ. Code 1798.150(b). The defendant has 30 days to cure the alleged violation. *Id*. Order Express responded to the notice to cure as written by Plaintiffs within the proscribed time period and cured all alleged violations within the requisite time period. Plaintiffs are therefore barred from suit under the CCPA.

## IV. <u>CONCLUSION</u>

Plaintiff Florence's allegations are ultimately a complaint without injury. He has failed to establish an ongoing, particularized, concrete harm. He has failed to adequately allege a substantial, imminent risk of future injury. Plaintiff Florence has therefore failed to establish standing to bring this Amended Class Action. Accordingly, Plaintiff Florence's claims should be dismissed pursuant to Rule 12(b)(1) in their entirety.

Similarly, Plaintiff Bundage has failed to establish an ongoing, particularized, concrete harm. While her claim of imminent risk of future injury is more colorable than Plaintiff Florence, such allegations are insufficient to establish standing for damages, only injunctive relief. Accordingly, Plaintiff Bundage's claims for damages should be dismissed pursuant to Rule 12(b)(1).

Further, Plaintiffs' allegations in Count IV of the FAC should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as financial institutions such as Order Express are exempt from prosecution under the CCPA.

WHEREFORE, Defendant, ORDER EXPRESS, INC., by counsel, respectfully requests this Court dismiss Plaintiffs' Amended Class Action Complaint with prejudice, and for all other just and proper relief.

March 16, 2023                     Respectfully submitted,

                                   By:  _/s/ Andrew S. Chestnut_____
                                   Robert J. Bates (No. 3122268)
                                   rbates@batescarey.com
                                   Andrew S. Chestnut (No. 6312527)
                                   achestnut@batescarey.com
                                   BATESCAREY LLP
                                   191 North Wacker, Suite 2400
                                   Chicago, Illinois 60606
                                   Ph.  312.762.3100
                                   Fax.  312.762.3200


                                   Ernest Koschineg (*pro hac vice*)
                                   ekoschineg@c-wlaw.com
                                   Jill H. Fertel (*pro hac vice*)
                                   jfertel@c-wlaw.com
                                   CIPRIANI & WERNER PC
                                   450 Sentry Parkway, Suite 200
                                   Blue Bell, PA 19422
                                   Ph.  610.567.0715

                                   *Counsel for Order Express, Inc.*