UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ERIC FLORENCE | : | |
| Plaintiff, | : | Case No. 1:22-cv-7210 |
| v. | : | |
|  | : | **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS** |
| ORDER EXPRESS, INC., | : | |
| Defendant. | : | Hon. Virginia M. Kendall |
|  | : | Magistrate Judge Hon. Maria Valdez |
|  | : | |

**DEFENDANT ORDER EXPRESS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(1) AND 12(b)(6)**

Defendant Order Express, Inc. (hereinafter "Order Express"), by and through its undersigned counsel, Cipriani & Werner, P.C., respectfully submits the following Reply in Further Support of its Motion to Dismiss Plaintiff Eric Florence's (hereinafter "Plaintiff Florence") and Plaintiff Alisha Bundage's (hereinafter "Plaintiff Bundage" and collectively referred to as "Plaintiffs") First Amended Class Action Complaint.

**I.     INTRODUCTION**

Before this Court is Order Express's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). On April 4, 2023, Plaintiffs filed their Opposition to Order Express's Motion. *See* Pl. Opp. (Doc. # 22). In their Opposition, Plaintiffs argue that they have established the requisite injury-in-fact to establish standing. To do so, Plaintiffs rely on non-binding decisions and conflate their individual claims in order to establish standing. Neither the facts alleged in Plaintiffs' FAC nor the arguments raised in their opposition yield standing to bring

1

suit for damages. Thus, as set forth in Order Express's Moton to Dismiss and as further set forth herein, Plaintiff's FAC should be dismissed.

II. **ARGUMENT**

In the FAC, Plaintiffs broadly allege that they, along with members of the proposed Class, have experienced injuries including

> (i) lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach, including but not limited to lost time, (iv) the disclosure of their private information, and (v) the continued and certainly increased risk to their PII[.]

SAC (Doc. # 15) at ¶ 19. Importantly, neither Plaintiff Florence nor Plaintiff Bundage has alleged that they personally incurred any expenses for the prevention, detection, or recovery associated with identity theft or fraud. Neither Plaintiff has included any allegations detailing any time spent mitigating the alleged dangers associated with the breach- only vague, identical assertions that each "spent time dealing with the consequences of the Data Breach[.]" *Id.* at ¶¶ 77, 85. Plaintiffs further raise identical unsupported allegations that each "suffered lost time, annoyance, interference, and inconvenience[.]" *Id.* at ¶¶ 80,88.

A. **PLAINTIFF FLORENCE HAS ESTABLISHED NEITHER A CONCRETE INJURY NOR IMMINENT RISK THEREOF**

Plaintiffs' argument disregards a fundamental principal of standing- that each plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Each plaintiff must establish standing in their own right; neither can invoke standing

2

by relying solely on someone else's injuries. *See Id.* Thus, Plaintiff Florence and Plaintiff Bundage must be evaluated individually.

Plaintiff Florence does not have standing to bring suit. He has not alleged the theft or appropriation of his Social Security number or any other sensitive personal information. Plaintiff Florence has alleged the compromise of his driver's license number and now improperly attempts to conflate his allegations with those of Plaintiff Bundage. Simply, a driver's license number does not equate to a Social Security number. A Social Security number is closely associated with one's identity. It is assigned at birth and can only be changed in the most extraordinary of circumstances. Every citizen of the United States and lawful resident authorized to work therein is issued a Social Security number. They are essential for applying for a loan or line of credit, applying for employment, or paying one's taxes. The parties agree that Social Security numbers are sensitive information. The same cannot be said however for one's driver's license number.

Most importantly, Plaintiff Florence has made no argument as to why a driver's license number poses the same or similar risk associated with the loss of one's Social Security number. A driver's license number is only issued to those who are licensed to drive. An individual need not have only one driver's license number throughout their lifetime. Moreover, a driver's license number can be changed.

Both the FAC and Opposition are replete with arguments about the implications of the theft of one's Social Security number; there is no representation or argument related to Plaintiff Florence's driver's license number. No effort has been made to show that he is at imminent risk of identity theft or fraud. Instead, Plaintiff Florence argues for standing based on the allegations raised by Plaintiff Bundage. This he cannot do.

Plaintiff Florence further argues for standing based on alleged mitigation efforts and emotional injury. As further set forth *infra*, Plaintiffs' do not raise sufficient allegations to establish either as a concrete injury. With respect to Plaintiff Florence, however, no argument with respect to such an injury can create an injury in fact. The Supreme Court has held that a plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of a hypothetical future harm that is not certainly impending . . . . If the law were otherwise, an enterprising plaintiff would be able to secure a lower standard for Article III standing simply by making an expenditure based on a nonparanoid fear." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) (internal citations omitted). *See also Kim v. McDonald's USA, LLC*, 2022 WL 4482826 (N.D. Il. Sept. 27, 2022) (finding plaintiffs lacked Article III standing to pursue claims for increased risk of future harm, mitigation and emotional distress injuries, and loss of privacy claims stemming from data breach). Plaintiff Florence has not established an imminent likelihood of future harm; thus, he cannot manufacture standing with allegations of mitigation and emotional injury. All claims with respect to Plaintiff Florence must therefore be dismissed.

### B. PLAINTIFF BUNDAGE HAS FAILED TO ESTABLISH STANDING FOR MONEY DAMAGES

Order Express does not concede that Plaintiff Bundage has sufficiently alleged imminent risk of future identity theft or harm. However, there is a notable difference between the allegations made by Plaintiff Florence and Plaintiff Budange. At most, Plaintiff Bundage has raised standing for injunctive relief alone.

Curiously, Plaintiffs have ignored the Seventh Circuit's decisions in *Ewing* and *Pierre*. Both *Ewing* and *Pierre* recognized "that a risk of future harm, without more, is insufficiently concrete to permit standing to sue for damages in federal court." *Ewing v. MED-1 Sols., LLC*, 24

4

F.4th 1146, 1151 (7th Cir. 2022). Instead, Plaintiffs rely on the Third Circuit's decision in *Clemens v. ExecuPharm, Inc.*, 48 F.4th 146 (3d. Cir. 2022). Plaintiffs presume that an allegation of risk of future harm, when combined with allegations of emotional injury and mitigation efforts, yields a concrete injury sufficient to grant standing for money damages. This argument however ignores the distinctions between the allegations made by Plaintiffs and the plaintiff in *Clemens*.

In *Clemens*, the plaintiff took immediate, mitigating actions solely in response to the data breach. *See Clemens*, 48 F.4th at 151. Specifically, she conducted reviews of her accounts, placed fraud alerts on each credit report, transferred her financial assets to a new account in a different bank, enrolled in the credit monitoring services offered by the defendant, *and* expended her own personal funds to purchase credit monitoring services for herself and her family. *See Id.* Additionally, the plaintiff required psychological therapy to address emotional distress that began as a result of the breach, resulting in a loss of both economic and non-economic costs. *See Id.* The Third Circuit found that those specific actions yielded a concrete injury. In contrast, here Plaintiffs have simply alleged that they have spent unspecified time and experienced annoyance or worry. *See* FAC at ¶¶ 77, 85, 80, 88. These vague, boilerplate allegations are not concrete injuries by any reasonable standard. Plaintiff Bundage has therefore failed to plead a concrete injury and thus lacks standard to bring suit for damages.

Finally, Plaintiffs rely on the Western District of Wisconsin's ruling in *Krupa v. TIC Int'l Corp.,* 2023 WL 143140 (W.D. Wis., Jan. 10, 2023). *Krupa* takes a position not held by any appellate court- that the happening of a data breach alone conveys standing to bring suit. *See Id. Krupa* muses that the compromise of one's sensitive information alone is sufficient to convey standing. This decision does not reflect applicable law.

Plaintiff Bundage his pleaded only allegations suggesting a risk of future harm; as she has not alleged any concrete injury, Plaintiff Bundage has not established standing for damages.

### III. CONCLUSION

For the foregoing reasons, as well as those articulated in Order Express's Motion to Dismiss Plaintiffs' Amended Complaint, Order Express respectfully moves this Honorable Court to dismiss Plaintiff Eric Florence's claims in their entirety, with prejudice. Further, Order Express moves this Honorable Court to dismiss Plaintiff Aisha Bundage's claims for damages with prejudice.

Respectfully submitted,

/s/ *Jill H. Fertel*

Jill H. Fertel (*pro hac vice*)
jfertel@c-wlaw.com
Ernest Koschineg (*pro hac vice*)
Ekoschineg@c-wlaw.com
CIPRIANI & WERNER, P.C.
450 Sentry Parkway
Blue Bell, PA 19422
(610) 567-0712
jfertel@c-wlaw.com


Robert J. Bates (No. 3122268)
rbates@batescarey.com
Andrew S. Chestnut (No. 6312527)
achestnut@batescarey.com
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Ph. 312.762.3100
Fax. 312.762.3200

*Attorneys for Defendant
Order Express, Inc.*