## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC FLORENCE and AISHA BUNDAGE, <br><br> on behalf of themselves and all others similarly situated, <br><br>      Plaintiffs, <br><br> v. <br><br> ORDER EXPRESS, INC., <br><br>      Defendant. | Case No.: 1:22-cv-07210 |

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated May ___, 2024, is made and entered into by and among: (1) Plaintiff Aisha Bundage ("Plaintiff" or "Representative Plaintiff"), individually and on behalf of the Settlement Class Members (as defined below); and (2) Defendant Order Express, Inc. ("Defendant" or "Order Express") (collectively, the "Parties").

## I.      BACKGROUND

1.      Order Express's primary activity is the fast and secure sending of money.

2.      On or around July 29, 2022, to September 7, 2022, Order Express experienced a Ransomware Attack on its network. Order Express's investigation of the Ransomware Attack determined that the threat actor accessed data pertaining to Order Express's customers, including name, Social Security number, and driver's license number.

3.      After Order Express provided notice of the Ransomware Attack on or about December 15, 2022, Plaintiff filed a putative Class Action Complaint on December 28, 2022, in the United States District Court for the Northern District of Illinois.

1

4.      On March 2, 2023, Plaintiff filed the operative Amended Complaint, bringing claims against Order Express for negligence, breach of implied contract, declaratory judgment, and violation of California's Consumer Privacy Act.

5.      Order Express moved to dismiss each of these claims. (ECF No. 17).  The Court denied the motion. (ECF No. 24).

6.      Thereafter, the parties jointly requested, and the Court approved, an extension of the case deadlines so the parties could explore the possibility of settling the claims of Plaintiff and the putative class.  On February 1, 2024, the parties participated in a full-day mediation facilitated by an experienced mediator, Bennett Picker. After a full day of negotiations, the parties remained at an impasse.  Following adjournment, the parties continued to exchange information, and on March 9, 2024, the parties reached an agreement in principle, the terms of which were later finalized in this Settlement Agreement and the attached exhibits.

7.      Pursuant to the terms set out below, this Settlement Agreement provides for the full and final resolution, discharge and settlement of all claims and causes of action asserted, or that could have been asserted, against Order Express and the Released Persons (as defined below) arising out of or relating to the Ransomware Attack, by and on behalf of the Representative Plaintiff and Settlement Class Members (as defined below) and any other such actions by and on behalf of any other persons in the United States relating to the Ransomware Attack. The settlement contemplated by this Settlement Agreement is subject to preliminary and final approval by the Court.

## II. REPRESENTATIVE PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLING

Representative Plaintiff believes the claims asserted in the Litigation (as defined below), as set forth in the Complaint, have merit. Representative Plaintiff, and her counsel who are proposed as Class Counsel ("Proposed Class Counsel"), recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the litigation against Order Express through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Class Counsel are experienced in class action litigation and are very knowledgeable regarding the relevant claims, remedies, and issues generally in such litigation and in the privacy issues specific to this litigation. They have determined that the settlement set forth in this Settlement Agreement, which provides compensation for those individuals who are alleged to have suffered the consequences of the Ransomware Attack, is fair, reasonable, and adequate, and in the best interest of Representative Plaintiff and the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

Order Express denies all of the material contentions and claims alleged against it in the Litigation, and all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Order Express specifically denies that Representative Plaintiff and the Settlement Class Members are entitled to any relief from Order Express. Order Express further asserts that neither the Representative Plaintiff nor the Settlement Class Members have suffered harm and that the complications of managing a potential trial in this matter among other reasons would preclude class certification in the absence of settlement. Nonetheless, without making any admission of wrongdoing whatsoever, Order Express has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled

3

in the manner and upon the terms and conditions set forth in this Settlement Agreement. Order Express has also considered the uncertainty and risks inherent in any litigation. Order Express has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    SETTLEMENT TERMS

**NOW, THEREFORE**, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among Representative Plaintiff, individually and on behalf of the Settlement Class Members, and Order Express that, subject to the approval of the Court, the Litigation be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

1.    **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1.    "Agreement" or "Settlement Agreement" means this agreement.

1.2.    "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.3.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1711, et seq. ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

1.4.    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.5.    "Claims Administrator" means Angeion Group, LLC, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation, subject to approval by the Court.

1.6.    "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.9.2 which shall be 90 days after the Class Notice Date.

1.7.    "Claim Form" means the form that the Settlement Class Members must complete and submit on or before the Claims Deadline in order to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury but shall not require a notarization. The Claim Form template is attached as **Exhibit A** to this Settlement Agreement.

1.8.    "Class Notice Date" means thirty (40) days after entry by the Court of the Preliminary Approval Order.

1.9.    "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration, including the costs of Notice and the CAFA Notice.

1.10.    "Court" means the United States District Court for the Northern District of Illinois.

1.11.    "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.12.    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.13 and ¶ 9.1 herein have occurred and been met.

1.13.    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the

Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorney's fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.14.　"Judgment" means a Final Approval Order and Judgment rendered by the Court and in a form substantially similar to the one attached hereto as **Exhibit E**.

1.15.　"Litigation" means *Aisha Bundage, et al. v. Order Express, Inc.*, Case No. 1:22-cv-07210, pending in the United States District Court for the Northern District of Illinois.

1.16.　"Notice" means the written notice to be sent to or made available to the Settlement Class Members pursuant to the Preliminary Approval Order, including the Short Form Notice and the Long Form Notice.

1.17.　"Notice Program" means the Claim notice program as explained in ¶ 3.2 herein.

1.18.　"Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court in order to be effective and timely and shall be sixty (60) days from the Class Notice Date.

1.19.　"Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely and shall be sixty (60) days after the Class Notice Date.

1.20.　"Preliminary Approval Order" means the proposed order preliminarily approving the settlement and directing mailed (and, where possible, emailed) notice to the Settlement Class of the pendency of the Litigation and of the settlement. The Preliminary Approval Order template is attached as **Exhibit D** to this Settlement Agreement.

1.21.   "Plaintiff's Counsel" and "Proposed Class Counsel" mean Patrick A. Barthle of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A.

1.22.   "Related Entities" means Order Express's past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint ventures, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them, other than any individual who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge.

1.23.   "Released Claims" shall collectively mean any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of set-off and recoupment, demands, actions, obligations, causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, of Representative Plaintiff or any Settlement Class Member that were or could have been asserted (whether individually or on a class-wide basis) based on, relating to, concerning or arising out of the Ransomware Attack, alleged theft or misuse of Order Express's customers' or other individuals' PII, or the allegations, facts, or circumstances related to the Ransomware Attack as described in the Litigation including, without limitation, any causes of action for or under: state consumer protection statutes, including

that of New York; the California Customer Records Act; the CCPA; the California Unfair Competition Law; the California Consumer Legal Remedies Act; the Confidentiality of Medical Information Act; the New York General Business Law; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; any federal, state or local statutory or regulatory claims, including but not limited to, California's Consumer Privacy Act, the consumer protection laws and unfair and deceptive trade practice laws or other common laws or statues of all fifty (50) states, U.S. territories, and the United States; and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorney's fees and litigation costs, expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by Representative Plaintiff or any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Ransomware Attack, alleged theft or misuse of Order Express's customers' or other individuals' PII or the allegations, facts, or circumstances related to the Ransomware Attack. Released Claims shall include Unknown Claims as defined in ¶ 1.31. Released Claims shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. The Released Claims shall be accorded the broadest preclusive scope and effect permitted by law against the Settlement Class Members and this definition of Released Claim is a material term of this Settlement Agreement.

1.24.   "Released Persons" means Order Express, the Related Entities and each of their past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint venturers, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them.

1.25.   "Representative Plaintiff" means Plaintiff Aisha Bundage.

1.26.   "Ransomware Attack" means the ransomware attack that Order Express announced on or around December 15, 2022, and during which the threat actor accessed data pertaining to Order Express's customers, including name, Social Security number, and driver's license number.

1.27.   "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.28.   "Settlement Class" means all individual U.S. residents to whom Order Express sent notice of the Ransomware Attack. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who

pleads nolo contendere to any such charge. Defendant represents that there are no such individuals known within Settlement Class. Defendant represents that the Settlement Class contains 63,221 individuals.

1.29. "Settlement Class Member(s)" means an individual (or individuals) who falls within the definition of the Settlement Class.

1.30. "Settling Parties" means, collectively, Order Express and Representative Plaintiff, individually and on behalf of the Settlement Class.

1.31. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist as of the date of the entry of the Preliminary Approval Order that, if known by any of them, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiff, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.32. "United States" as used in this Settlement Agreement includes the District of Columbia and all territories of the United States.

## 2. **Settlement Benefits**

2.1. <u>Settlement Fund.</u> Within thirty (30) days of preliminary settlement approval, Defendant will fund a non-reversionary cash settlement fund in the amount of $250,000.00 for the benefit of Settlement Class Members (the "Settlement Fund"). Within thirty (30) days of the Effective Date as defined in ¶ 1.12, Defendant will further fund the Settlement Fund in the amount of $1,250,000.00 for the benefit of Settlement Class Members. As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Ordinary Out-of-Pocket Losses; (2) reimbursement for Extraordinary Losses and Attested Time; (3) Residual Cash Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court.

2.2.    *Pro Rata* Decrease of Claims for Ordinary Out-of-Pocket Losses and Extraordinary Losses and Attested Time.  If the aggregate amount of approved Claims for Ordinary Out-of-Pocket Losses and approved Claims for Extraordinary Losses and Attested Time exceeds the remaining amount of the Settlement Fund after payment for costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court, approved Claims for Ordinary Out-of-Pocket Losses and approved Claims for Extraordinary Losses and Attested Time will be decreased *pro rata* to consume the remaining amount of the Settlement Fund.

2.3.    <u>*Pro Rata* Increase or Decrease of Claims for Residual Cash Payments.</u> Claims for Residual Cash Payments will be increased *pro rata* to a maximum of $550 or decreased *pro rata* to consume the remaining amount of the Settlement Fund after payment for approved Claims for Ordinary Out-of-Pocket Losses, approved Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court.

2.4.    <u>Reimbursement for "Ordinary" Out-of-Pocket Losses.</u> All Settlement Class members may submit a claim for Ordinary Out-of-Pocket Losses up to $500 per individual. The Settlement Fund will be used to pay valid and timely submitted claims for each of the following categories:

2.4.1. "Ordinary Out-of-Pocket Losses" are unreimbursed costs, losses, or expenditures incurred by a Class member in responding to notice of the Ransomware Attack that were incurred between July 29, 2022 and the Claims Deadline. Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit-reporting agency; (2) other miscellaneous

12

expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

2.4.2.    Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Claims Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting the unreimbursed cost, loss, or expenditure; and (3) a brief description of the documentation describing the nature of the cost, loss, or expenditure, if the nature of the cost, loss, or expenditure is not apparent from the documentation alone. Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

2.5.    <u>Reimbursement for "Extraordinary" Losses and Attested Time.</u> In addition to submitting a claim for Ordinary Out-of-Pocket Losses, Settlement Class Members who believe they have suffered identity theft, fraud, or other extraordinary losses may submit a claim for Extraordinary Losses and Attested Time up to $6,500 per individual.

2.5.1.    "Extraordinary Losses" are unreimbursed costs, losses, or expenditures incurred by a Settlement Class Member that are fairly traceable to the Ransomware Attack, and are costs, losses, or expenditures that are not reimbursable as Ordinary Out-of-Pocket Losses. Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Settlement Class Member's personal information.

13

2.5.2.   Settlement Class Members who elect to submit a claim for reimbursement of Extraordinary Losses must provide to the Claims Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting the unreimbursed cost, loss, or expenditure; and (3) a brief description of the documentation describing the nature of the cost, loss, or expenditure, if the nature of the cost, loss, or expenditure is not apparent from the documentation alone. Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the unreimbursed cost, loss, or expenditure incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

2.5.3.   Extraordinary Losses will be deemed "fairly traceable" if (1) the timing of the unreimbursed cost, loss, or expenditure occurred on or after July 29, 2022; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Defendant prior to the Ransomware Attack.

2.5.4.   Settlement Class Members with valid, documented Extraordinary Losses may also submit a claim for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the time associated with each action ("Attested Time").

2.6.   Settlement Class Members seeking out-of-pocket expense reimbursement must complete and submit either a hard copy or online Claim Form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. The Claim Form must be verified by the Settlement Class Member with an attestation that the claimant believes that the

14

unreimbursed costs, losses, or expenditures claimed were incurred as a result of the Ransomware Attack.

2.7.     <u>Residual Cash Payment.</u> In addition to, or in the alternative to, making Claims for Ordinary Out-of-Pocket Losses and/or Claims for Extraordinary Losses and Attested Time, Settlement Class Members may elect to receive a cash payment of up to $550 on a claims-made basis.  The amount of the payment will be calculated by dividing the funds remaining in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court by the number of Residual Cash Payment claimants, and thus could be less than $550.  The notice and claim forms will include the $550 cap on Residual Cash Payment.  Plaintiffs' counsel may select the font, size, and emphasis for the $550 cap on the Residual Cash Payment and their placement within the notice and claim forms, subject to approval from Defendant's counsel, which shall not be unreasonably withheld.  If any funds remain in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, attorneys' fees and expenses awarded by the Court, and payment of Claims for Residual Cash Payments, such funds will be disbursed to a *cy pres* recipient to be agreed upon by the parties and approved by the Court or, if they cannot agree, selected by the Court.

2.8.     <u>Credit Monitoring/Identity Theft Protection Services.</u> Settlement Class Members who submit a claim can elect to enroll in five years of identity theft protection and credit monitoring services under the settlement that will include the following features: (1) dark web

scanning with user notification if potentially unauthorized use of a Settlement Class Member's personal information is detected; (2) identity theft insurance; (3) real-time credit monitoring with Equifax, Experian, and TransUnion; and (4) access to fraud resolution agents. These services will be made available to all Settlement Class Members who choose to enroll regardless of whether they submit a Claim for Ordinary Out-of-Pocket Losses, a Claim for Extraordinary Losses and Attested Time, and/or a Claim for a Residual Cash Payment under the settlement. A unique redemption code, allowing Settlement Class Members to enroll in these services will be sent to each Settlement Class Member who submits a valid claim for such services within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

     2.9.   <u>The Claim Form.</u>

     2.9.1.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Ransomware Attack. Failure to provide supporting attestation and documentation as requested on the Claim Form and required under ¶¶ 2.4 or 2.5 shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.11.

     2.9.2.  To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline.

2.9.3. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of this Settlement Agreement.

2.9.4. Settlement Class Members who submit a Claim Form must designate the method for payment of their claim on the Claim Form, which will include the receipt of payment via check by mail, or via PayPal, Zelle, Venmo, or such other electronic payment platform deemed efficient and appropriate by the Claims Administrator. Claim Forms failing to clearly make a single designation will receive a check by mail to the last known address on file with the Claims Administrator. In the event an electronic payment platform returns a payment to the Claims Administrator, the Claims Administrator will promptly mail a check to the Settlement Class Member's last known address on file with the Claims Administrator.

2.10. Business Practice Commitments. For a period of 3 years following the execution of a formal settlement agreement, Defendant commits to pay for, implement and continue certain data-security enhancements and business practices. Due to their confidential and sensitive nature, those enhancements and practices are not being publicly disclosed herein but have been shared with Plaintiff's Counsel, who agrees to maintain the confidentiality of that information.

Nothing in this provision prohibits Order Express from changing vendors for the identified business practices so long as a comparable product/service is maintained. Defendant agrees to provide a declaration detailing its business practice changes implemented after the Ransomware Attack.

2.11. Dispute Resolution for Claims.

2.11.1. The Claims Administrator will determine whether: (1) the claimant is a Settlement Class Member based on information to be provided to the Claims Administrator by

Defendant's counsel; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to support the claimant's class membership and the expenses described in ¶¶ 2.4 and 2.5; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed unreimbursed cost, loss, or expenditure as a result of the Ransomware Attack (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, via email or U.S. Mail, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed unreimbursed costs, losses, or expenditures, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

2.11.2. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request Claim Supplementation and give the claimant thirty (30) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than six months from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.11.3. Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid. If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator shall reject the claim without any further action.

2.11.4. Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.

2.11.5. Within thirty (30) days of the Claims Deadline, the Claims Administrator shall provide the Settling Parties' counsel with a summary of Facially Valid Claims, stating the types of claims, the total approved claim amounts by claim type, and a description of the support provided for claims for reimbursement for Ordinary Out-of-Pocket Losses and/or Extraordinary Losses and Attested Time. Within fifteen (15) days after receiving such summary, one or more of the Settling Parties may object to any claim and instruct the Claims Administrator to withhold approval of said Facially Valid Claim so that the objecting party may seek review of said claim by a third-party Settlement Referee agreed upon by the Parties or appointed by the Court if no such agreement is reached and paid for by the objecting party.

2.12. <u>Settlement Class Certification.</u> The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this

Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.13. <u>Confidentiality of Information Submitted by Settlement Class Members.</u> Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Parties and the Claims Administrator.

**3. <u>Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing</u>**

3.1. As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel shall submit this Settlement Agreement to the Court as part of an unopposed motion for preliminary approval of the Settlement Agreement. The motion for preliminary approval shall request entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D** or an order substantially similar, requesting, *inter alia*:

    a)     conditional certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.12;

    b)     preliminary approval of this Settlement Agreement as set forth herein;

    c)     the scheduling of a Final Fairness Hearing and briefing schedule for a Motion For Final Approval and for a Motion for Attorneys' Fees and Expenses and Service Award;

    d)     appointment of Proposed Class Counsel as Class Counsel;

    e)     appointment of Representative Plaintiff as Class Representative;

f) approval of a customary form of short notice to be mailed (and, where possible, emailed) to Settlement Class Members with an attached "tear off" claim form with prepaid postage for those who wish to make claims that do not require documentation, *e.g.*, Claims for a Residual Cash Payment and/or Credit Monitoring Services ("Short Form Notice"), in a form substantially similar to the one attached hereto as **Exhibit B** and a customary long-form notice ("Long Form Notice") in a form substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in this Settlement Agreement, instructions for how to object to or opt out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g) appointment of a Claims Administrator; and

h) approval of a Claim Form substantially similar to that attached hereto as **Exhibit A**.

The Notice and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2.    The Notice Program. Within 7 days of an order directing class notice, Defendant will provide to the Claims Administrator a class list that includes Settlement Class Members' full names and last known addresses as reflected in Order Express's records. Notice shall be provided to Settlement Class Members in accordance with the Notice Program set forth below at ¶¶ 3.2.1 – 3.2.4. The Notice Program shall be subject to approval by the Court as meeting constitutional due process requirements. Prior to the Final Fairness Hearing, Proposed Class Counsel and/or the Claims Administrator shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the Notice Program.

3.2.1. *Short Form Notice*. On or before the Class Notice Date, the Claims Administrator shall mail (and, where possible, email) the Short Form Notice, with an attached "tear off" claim form with prepaid postage for those who wish to make claims that do not require documentation, *e.g.*, Claims for a Residual Cash Payment and/or Credit Monitoring Services,

21

substantially in the form of **Exhibit B** hereto. The Claims Administrator shall mail a copy of the Short Form Notice via United States Postal Services ("USPS") first class mail to all Settlement Class Members for whom Order Express can ascertain a mailing address from its records with reasonable effort. For any Short Form Notices that are returned undeliverable, the Claims Administrator shall use reasonable efforts to identify updated mailing addresses and resend the Short Form Notice to the extent updated addresses are identified. The Claims Administrator need make only one attempt to resend any Short Form Notices that are returned as undeliverable. The Claims Administrator shall email a copy of the Short Form Notice to all Settlement Class Members for whom Order Express can ascertain an email address from its records with reasonable effort.

3.2.2. *Long Form Notice*. On or before the Class Notice Date, the Claims Administrator shall post the Long Form Notice on the settlement website in the form agreed to by the Parties and approved by the Court.

3.2.3. *Settlement Website*. Prior to the Class Notice Date, the Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the Claims Period, and shall post on the website the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, the Motion for Final Approval of Class Action Settlement, the Motion for Attorneys' Fees and Expenses and Service Award, the Preliminary Approval Order, and the Final Approval Order and Judgment. The URL of the settlement website shall be agreed upon by Class Counsel and Defendant. The settlement website shall remain operational until at least five (5) business days after the last payment or credit under this settlement is terminated.

3.2.4. *Toll-Free Help Line*. From the Class Notice Date and thereafter until at least five (5) Business Days after the last payment under this settlement is made or the settlement is

22

terminated, the Claims Administrator shall establish and maintain a toll-free help line for Settlement Class Members to call with settlement-related inquiries, with the option to leave a message and request a call back, with such calls being returned within three (3) business days, and answering the questions of Settlement Class Members, to the extent possible, who call with or otherwise communicate such inquiries. The Claims Administrator also will provide copies of the forms of the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.

3.3.    The Long Form Notice, Short Form Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

3.4.    Within ten (10) days of the filing of the Motion for Preliminary Approval, the Claims Administrator shall provide the CAFA Notice as required by 28 U.S.C. § 1715(b). The cost of the CAFA Notice shall be paid from the Settlement Fund.

3.5.    The Notice Program shall commence by the Class Notice Date and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

3.6.    Proposed Class Counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

## 4.  Opt-Out Procedures

4.1.    Each individual wishing to exclude themselves from the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. Individuals wishing to opt out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must clearly manifest an individual's intent to be excluded from

the Settlement Class. To be effective, written notice must be postmarked by the Opt-Out Date. All opt-out requests sent to anyone other than the Claims Administrator, including requests previously sent to Proposed Class Counsel and/or Order Express's counsel, are ineffectual and shall be deemed null and void.

4.2.    All individuals who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All individuals falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3.    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and Order Express's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). No later than 10 days prior to the Final Fairness Hearing, Class Counsel shall file this Opt-Out List with the Court for purposes of being attached to the Judgment to be entered upon final approval.

**5.  Objection Procedures**

5.1.    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the name or caption of this Litigation; (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector; (vi) a

24

statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any. To be timely, written notice of an objection in the appropriate form must be: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court for the United States District Court for the Northern District of Illinois and postmarked by no later than the Objection Date. Objections must also be served concurrently with their filing or mailing upon Proposed Class Counsel and counsel for Order Express either via the Court's electronic filing system (if filed electronically) or via U.S. mail (if mailed to the Clerk of Court) at the addresses set forth below for Proposed Class Counsel and Order Express's counsel in the signature blocks at the end of this Agreement.

5.2.    Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

5.3.    The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within

fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed.

**6.  Release**

6.1.    Upon the Effective Date, each Settlement Class Member, including Representative Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Order Express, the Related Entities and the Released Persons from all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiff, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any class or other person or entity, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

**7.  Proposed Class Counsel's Attorneys' Fees and Expenses; Service Award to Representative Plaintiff**

7.1.    The Settling Parties did not discuss the payment of attorneys' fees and litigation expenses and/or a service award to Representative Plaintiff, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that the Settlement Fund would be used to pay reasonable attorneys' fees and litigation expenses and a service award to Representative Plaintiff as may be agreed to by Order Express and Proposed Class Counsel and/or as ordered by the Court, or, in the event of no agreement, then as ordered by the Court. Order Express and Proposed Class Counsel have agreed to the following:

7.2.    Order Express takes no position on an application by Proposed Class Counsel for an award of attorneys' fees and litigation costs and expenses in an amount not to exceed $500,000, subject to Court approval. The Claims Administrator shall, from the Settlement Fund, pay any attorneys' fee and expenses award approved by the Court.

7.3.    Order Express takes no position on an application by Representative Plaintiffs for a service award not to exceed $2,500.  The Claims Administrator shall, from the Settlement Fund, pay any service award approved by the Court. This service award shall be separate and apart from any other sums agreed under this Settlement Agreement and the request for a service award is not a condition to the Representative Plaintiff's approval of this settlement.

7.4.    The Claims Administrator shall, from the Settlement Fund, pay the Court-approved amount of attorneys' fees and expenses to Proposed Class Counsel and the Court-approved service award to Representative Plaintiffs within thirty (30) days after the Effective Date. Proposed Class Counsel shall provide payment instructions and completed W-9 Forms prior to the deadline for these payments and the Claims Administrator shall issue IRS Forms 1099-MISC to Representative Plaintiff solely for the amount awarded by the Court for the Representative Plaintiff's service award. Neither Class Counsel nor counsel for Order Express intend anything contained herein to constitute legal advice concerning the tax consequences of any amount paid hereunder nor shall it be relied on as such.

7.5.    If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court), Order Express shall have no obligation to pay attorneys' fees and litigation costs or expenses or a service award and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under

no circumstances will Proposed Class Counsel or any Settlement Class Member be liable for any costs or expenses related to notice or administration.

7.6.     The amount(s) of any award of attorneys' fees and expenses and the service award are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees and expenses and/or any service award ordered by the Court to Proposed Class Counsel or Representative Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.   Administration of Claims

8.1.     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2. Proposed Class Counsel and Order Express's counsel shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation and challenge any such claim if they believe it to be inaccurate or inadequate. The Claims Administrator's final determination of the validity or invalidity of any claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.11.

8.2.     Payments for approved claims shall be sent to the claimants within sixty (60) days of the Effective Date. No approved claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of approved claims, Order Express shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3.    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4.    No individual shall have any claim against the Claims Administrator, Order Express, Proposed Class Counsel, Plaintiff, and/or Order Express's counsel based on distribution of benefits to Settlement Class Members.

8.5.    The Parties, Proposed Class Counsel, and Order Express's counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Claims Administrator, or any of its respective designees or agents, in connection with the Claims Administration or otherwise; or (ii) the determination, rejection, administration, calculation or payment of any Claims.

9.  **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1.    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      the Court has entered the Preliminary Approval Order, as required by ¶ 3.1;

b)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

c)      the Judgment has become Final, as defined in ¶ 1.13.

9.2.    If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.3 unless Proposed Class Counsel and Order Express's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3.    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue) and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party, and (b) the terms and provisions of the Settlement Agreement shall be void and have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, including but not limited to ¶ 9.4, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees and litigation costs or expenses and/or the service award shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Order Express shall be obligated to pay amounts already billed or incurred for costs of Notice and Claims Administration and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

9.4.    This Settlement Agreement may be terminated and/or cancelled by any of the Parties if (i) the Court rejects, materially modifies, materially amends, or changes, or declines to preliminarily approve or finally approve the Settlement Agreement apart from the award of attorneys' fees and expenses; (ii) an appellate court reverses the Preliminary Approval Order and/or Judgment, and the Settlement Agreement is not reinstated and finally approved without

material change by the Court on remand; or (iii) the Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Judgment, the Judgment, or the Settlement Agreement, other than the amount of attorneys' fees and expenses.

## 10. **Non-Disparagement**

10.1.    Representative Plaintiff shall not make, publish, or state, or cause to be made, published, or stated, any defamatory or disparaging statement, writing or communication pertaining to Order Express, or its directors, officers, and employees, and/or affiliates, and Related Entities.

## 11. **Miscellaneous Provisions**

11.1.    The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement; (iii) and agree to exercise their commercially reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2.    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, that it reflects a settlement that was reached voluntarily after consultation with competent legal counsel, and that for the purpose of construing or interpreting this Agreement, the Settling Parties agree that this Agreement is to be deemed to have been drafted

equally by all Parties hereto and shall not be construed strictly for or against any Party. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

      11.3.    Neither the Settlement Agreement, nor the settlement terms contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. If this Agreement does not become effective or is cancelled, withdrawn, or terminated for any reason, the Agreement along with all related communications and documents exchanged in connection with the Agreement and mediation between the Parties shall be deemed a negotiation for settlement purposes only under Federal Rule of Procedure 408 and will not be admissible in evidence or usable for any purposes whatsoever in the Litigation or any proceedings between the Parties or in any other action related to the Released Claims or otherwise involving the Parties or any Released Person. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4.    The terms of this Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approved by the Court; provided, however, that after enter of the Preliminary Approval order, the Parties may by written agreement, effect such amendments or modifications of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

11.5.    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any Party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made between Plaintiff and Order Express.

11.6.    Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

11.7.    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the release

33

contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon her or its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

11.8.    If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days unless otherwise specified.

11.9.    Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties, through their respective counsel, shall consult with each other in good faith prior to seeking Court intervention.

11.10.   Each counsel or other individual executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such individual has the full authority to do so.

11.11.   The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

11.12.   The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

11.13.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

11.14.   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the state of Illinois, and the rights and obligations

34

of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the state of Illinois.

11.15.  The Final Fairness Hearing shall be scheduled no earlier than: (i) 100 days after the notices are made in order to comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d); or (ii) 14 days after the Claims Deadline, whichever is later.

11.16.  As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

11.17.  All dollar amounts are in United States dollars (USD).

11.18.  Cashing a settlement check (whether paper or electronic) is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks and electronic payments shall be void sixty (60) days after issuance and the checks or emails containing the links to the electronic payments shall bear the language: "This check[/payment] must be cashed[/accepted] within 60 days, after which time it is void." If a check or electronic payment becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and the funds shall be disbursed to a *cy pres* recipient to be agreed upon by the parties and approved by the Court or, if they cannot agree, selected by the Court. The same provisions shall apply to any re-issued check or electronic payment. For any checks or electronic payments that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks or electronic payments become void.

11.19.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

<u>**AGREED TO BY**</u>:

By: _____
Patrick A. Barthle II
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 229-4023
Email: *pbarthle@ForThePeople.com*

Ryan D. Maxey
**MAXEY LAW FIRM, P.A.**
107 N. 11th St., #402
Tampa, Florida 33602
Tel: (813) 448-1125
Email: *ryan@maxeyfirm.com*

*Attorneys for Plaintiff*


Date: June 18, 2024 _____

By: _____
Ernest Koschineg
Jill H. Fertel
**CIPRIANI & WERNER PC**
450 Sentry Parkway, Suite 200 Blue Bell, PA 19422
Tel: 610.567.0715
Email: ekoschineg@c-wlaw.com
Email: jfertel@c-wlaw.com
Robert J. Bates (No. 3122268)
Andrew S. Chestnut (No. 6312527)
**BATESCAREY LLP**
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Tel: 312.762.3100
Fax:. 312.762.3200
Email: rbates@batescarey.com
Email: achestnut@batescarey.com

*Attorneys for Defendant*

# EXHIBIT A

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:** [DEADLINE]

</td><td>

**AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.**

Case No. 1:22-cv-07210 (Northern District of Illinois)

**Order Express Settlement Claim Form**

</td><td>

**ORDER-CLAIM**

</td></tr>
</table>

## COMPLETE THIS CLAIM FORM FOR UP TO $550 RESIDUAL CASH PAYMENT, REIMBURSEMENT OF OUT-OF-POCKET LOSSES, AND/OR CREDIT MONITORING SERVICES

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT [INSERT WEBSITE] OR MAILED WITH A POSTMARK DATE NO LATER THAN [INSERT DATE].**

*ATTENTION: This Claim Form is to be used to apply for relief related to the Ransomware Attack that occurred around July 2022 to September 2022 and potentially affected customers of Order Express, Inc. ("Order Express"). The types of relief for which these individuals may be eligible are, for all Settlement Class Members,*

(i) **A Residual Cash Payment of up to $550.00.** Claims for Residual Cash Payments will be increased to a maximum of $550 or decreased pro rata to consume the remaining amount of the Settlement Fund after payment for Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court,

(ii) Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Ransomware Attack that were incurred between July 29, 2022 and the Claims Deadline,

(iii) Reimbursement of Extraordinary Losses up to $6,500 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses,

(iv) Settlement Class Members with valid, documented Extraordinary Losses may also submit a claim for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the time associated with each action ("Attested Time"), and/or

(v) 5 years of identity theft protection and credit monitoring services.

To submit a Claim, you must have been identified as a potential Settlement Class Member from Order Express's business records and received Notice of this Settlement with a **unique Notice ID Number**.

**PLEASE BE ADVISED** that any documentation you provide must be submitted **WITH** this Claim Form.

***Note that you MUST separately apply for Ordinary Out-of-Pocket Losses and/or Extraordinary Losses, including Attested Time, using this claim form.***

**CLAIM VERIFICATION:** All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.

**ASSISTANCE:** If you have questions about this Claim Form, please visit the Settlement website at [INSERT] for additional information or call [INSERT PHONE NUMBER].

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**
**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

Your claim must be submitted online or **postmarked by:** [**DEADLINE**]

**AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.**
Case No. 1:22-cv-07210 (Northern District of Illinois)

**Order Express Settlement Claim Form**

ORDER-CLAIM

## REGISTRATION

Provide your contact information and Notice ID Number below. It is your responsibility to notify the Claims Administrator of any changes to your contact information after the submission of this Claim Form.

**First Name**

**Last Name**

**Street Address**

**City**

**State**

**Zip Code**

**Email Address**

**Phone Number**

**Notice ID Number**

*Instructions. Please follow the instructions below and answer the questions as instructed.*

**Section A. Residual Cash Payment and/or Identity Theft Protection**

**Would you like to make a claim for a Residual Cash Payment of up to $550 and/or 5 years of identity theft protection and credit monitoring services?** *If yes, check the appropriate box(es) below:*

☐   I would like **a Residual Cash Payment of up to $550**

☐   I would like **5 years of identity theft protection and credit monitoring services**

## ELIGIBILITY FOR REIMBURSEMENT OF ORDINARY OR EXTRAORDINARY LOSSES

**Did you incur any unreimbursed costs, losses, or expenditures (i) as a result of receiving notice of the Ransomware Attack or (ii) that are fairly traceable to the Ransomware Attack?**

**For example, did you:**

1. *Incur unreimbursed costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency?*

2. *Incur unreimbursed miscellaneous expenses related to notary, fax, postage, copying, mileage, or long-distance telephone charges?*

3. *Incur unreimbursed costs for credit monitoring or other mitigative costs?*

4. *Incur unreimbursed costs as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information?*

*If the answer is YES to any of the above questions, you may be eligible to fill out **Section B** of this form and provide corroborating documentation. If the answer is NO to the above questions, you can proceed to **Section C** of this form.*

2

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[DEADLINE]**

</td><td>

**AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.**
Case No. 1:22-cv-07210 (Northern District of Illinois)

**Order Express Settlement Claim Form**

</td><td>

**ORDER-CLAIM**

</td></tr>
</table>

---

**Section B. Reimbursement for Ordinary Out-of-Pocket Losses, or Extraordinary Losses and Attested Time**

**(1)    Reimbursement for Ordinary Out-of-Pocket Losses**

*If you incurred unreimbursed costs, losses, or expenditures in responding to notice of the Ransomware Attack that were incurred between July 29, 2022 and the Claims Deadline, you may be eligible to receive a payment to compensate you for these costs, losses, or expenditures.*

*Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.*

*If it is verified that you meet all the criteria described in the Settlement Agreement, and you **submit proof** of your unreimbursed costs and expenditures and the dollar amount of those costs and expenditures, you will be eligible to receive reimbursement of up to **$500.00**.*

*Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.*

*Providing adequate proof of your unreimbursed costs, losses, and expenditures does not ensure that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of Ordinary Out-of-Pocket Losses exceeds the funds available under the Settlement Agreement, then Claims for Extraordinary Losses and Attested Time will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.*

For each unreimbursed cost or expenditure that you incurred in responding to notice of the Ransomware Attack, please provide documentation supporting the cost or expenditure and, if the nature of the cost or expenditure is not apparent from the documentation alone, a brief description of the documentation describing the nature of the cost or expenditure.

**You must provide ALL this information for this Claim to be processed**. Supporting documentation must be submitted electronically or mailed to the Claims Administrator. Please make electronic submissions as part of this Claim Form at [Insert Website] and provide the additional information required below. **If you fail to provide sufficient supporting documentation, the Settlement Administrator will deny Your Claim.** Please provide only copies of your supporting documentation and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Order Express in this action. Please do not directly communicate with Order Express regarding this matter. All inquiries are to be sent to the Claims Administrator.

*Examples of such costs, losses, or expenditures include (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs. These are only examples and do not represent a complete list of costs, losses, or expenditures eligible for reimbursement.*

*Examples of documentation include receipts.*

3

| Your claim must be submitted online or **postmarked** by: [**DEADLINE**] | **AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.**<br>Case No. 1:22-cv-07210 (Northern District of Illinois)<br><br>**Order Express Settlement Claim Form** | **ORDER-CLAIM** |
| --- | --- | --- |

| COMPLETE THIS CHART FOR ORDINARY OUT-OF-POCKET LOSSES | | | |
| --- | --- | --- | --- |
| *Description of the Loss* | *Date of Loss (MM-DD-YY)* | *Amount of Loss* | *Type of Supporting Documentation* |
| Example: Identity Theft Protection Service | 07-17-20 | $50.00 | Copy of identity theft protection service bill |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | **Total:** | $_ _ _ _ . _ _ | |

## (2)  Reimbursement for Extraordinary Losses

*If you incurred unreimbursed costs, losses, or expenditures that are fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses, you may be eligible to receive a payment to reimburse you for these costs, losses, or expenditures.*

*Extraordinary Losses will be deemed "fairly traceable" to the Ransomware Attack if (1) the timing of the cost or expenditure occurred on or after July 29, 2022; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Order Express prior to the Ransomware Attack.*

*Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.*

*If it is verified that you meet all the criteria described in the Settlement Agreement, and you **submit proof** of your unreimbursed costs, losses, and expenditures and the dollar amount of those unreimbursed costs, losses, and expenditures, you will be eligible to receive reimbursement of your documented unreimbursed costs and expenditures of up to **$6,500.00**.*

*Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" that documents the unreimbursed costs, losses, or expenditures incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.*

4

<table>
<tr><td>**Your claim must be submitted online or postmarked by:** [**DEADLINE**]</td><td>**AISHA BUNDAGE, et al v. ORDER EXPRESS, INC.**<br>Case No. 1:22-cv-07210 (Northern District of Illinois)<br>**Order Express Settlement Claim Form**</td><td>**ORDER-CLAIM**</td></tr>
</table>

*Providing adequate proof of your unreimbursed costs, losses, and expenditures does not ensure that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the aggregate amount of Extraordinary Losses and Attested Time claimed exceeds the funds available under the Settlement Agreement, then Claims for Extraordinary Losses and Attested Time will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.*

For each unreimbursed cost, loss, or expenditure you incurred that is fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses, please provide documentation supporting the cost or expenditure and, if the nature of the cost or expenditure is not apparent from the documentation alone, a brief description of the documentation describing the nature of the cost or expenditure.

**You** **must provide ALL this information for this Claim to be processed**. Supporting documentation must be submitted electronically or mailed to the Claims Administrator. Please make electronic submissions as part of this Claim Form at [Insert Website] and provide the additional information required below. **If you fail to provide sufficient supporting documentation, the Settlement Administrator will deny Your Claim.** Please provide only copies of your supporting documentation and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Order Express in this action. Please do not directly communicate with Order Express regarding this matter. All inquiries are to be sent to the Claims Administrator.

*Examples of such costs, losses, or expenditures include unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.*

*Examples of documentation include receipts.*

| COMPLETE THIS CHART FOR EXTRAORDINARY LOSSES | | | |
|---|---|---|---|
| **Description of the Loss** | **Date of Loss (MM-DD-YY)** | **Amount of Loss** | **Type of Supporting Documentation** |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | _ _ - _ _ - _ _ | $_ _ _ _ . _ _ | |
| | Total: | $_ _ _ _ . _ _ | |

**ATTESTED TIME**

Settlement Class Members with valid, documented Extraordinary Losses may also submit for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the time associated with each action.

<table>
<tr><td><strong>Your claim must be submitted online or <u>postmarked by</u>:<br>[DEADLINE]</strong></td><td><strong>AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.</strong><br>Case No. 1:22-cv-07210 (Northern District of Illinois)<br><br><strong>Order Express Settlement Claim Form</strong></td><td><strong>ORDER-CLAIM</strong></td></tr>
</table>

I hereby attest that I took the actions described in the chart below:

| Action(s) Taken | Time Spent |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **Total Attested Time Claimed:** |  |

### Section C. Payment

If your Claim is approved, you will receive payment under this Settlement electronically based on your selection below. If you do not wish to receive an electronic payment, payment will be in the form of a check sent to the mailing address you provided above.

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle** - Enter the mobile number or email address associated with your account: _____

☐ **Virtual Prepaid Card** - Enter your email address: _____

☐ **Physical Check** - Payment will be mailed to the address provided in the Registration section.

### Section D. Settlement Class Member Affirmation

By submitting this Claim Form and checking the box below, I declare that I received notification from Order Express that I have been identified as a potential Settlement Class Member. If I have submitted a Claim for Ordinary Out-of-Pocket Losses and/or Extraordinary Losses and/or Attested Time, I declare that I incurred the claimed unreimbursed costs, losses, or expenditures and that I believe they were incurred as a result of the Ransomware Attack.

I understand that my Claim and the information provided above will be subject to verification.

I also understand that I may not be entitled to recover under this Settlement if I am employed by and/or affiliated with the Judge or Magistrate presiding over this action, and/or am employed by Order Express or anyone acting on their behalf.

<u>By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.</u>

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

**Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]**

**AISHA BUNDAGE, et al. v. ORDER EXPRESS, INC.**
Case No. 1:22-cv-07210 (Northern District of Illinois)

**<u>Order Express Settlement Claim Form</u>**

**ORDER-CLAIM**

**Signature:** _____ **Printed Name:** _____ **Date:** _____

7

# EXHIBIT B

**Legal Notice**

**If you are an individual U.S. resident to whom Order Express, Inc. ("Order Express") sent notice of a Ransomware Attack on or about December 15, 2022, a class action settlement may affect your rights.**

*The United States District Court for the Northern District of Illinois has authorized this Notice.*

*This is not a solicitation from a lawyer.*

Visit WEBSITE or call Toll-Free 1-XXX-XXX-XXXX for more information about your legal rights and options, including how to submit a Claim Form, Request Exclusion from the Settlement, or Object to the Settlement.

Claims Administrator
Bundage, et al. v. Order Express, Inc.
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

| NOTICE ID: «NOTICE ID»<br><br>«FIRST NAME» «LAST NAME»<br>«ADDRESS» | **ORDER EXPRESS**<br><br>**RANSOMWARE ATTACK CLAIM FORM** | «Barcode» |
| --- | --- | --- |

**INSTRUCTIONS:** Complete this Claim Form if you wish to receive a **Residual Cash Payment of up to $550 and/or Identity Theft Protection and Credit Monitoring Services**. If you wish to submit a claim for reimbursement for Ordinary Out-of-Pocket Losses or Extraordinary Losses (including Attested Time), visit **WEBSITE** to submit your Claim Form and supporting documentation online. You can also download a Claim Form from the Settlement Website to complete and submit by mail.

**Residual Cash Payment of up to $550.00**

☐ Check this box if you want to receive a Residual Cash Payment of up to $550.00.

Claims for Residual Cash Payments will be **increased to a maximum of $550 or decreased *pro rata*** to consume the remaining amount of the Settlement Fund after payment for other claims and expenses.

**Select from one of the following payment methods if you are requesting the Residual Cash Payment:**

☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check

Please provide the email address or phone number associated with your PayPal, Venmo, or Zelle account, or an email address for the Virtual Prepaid card: _____

**Identity Theft Protection and Credit Monitoring Services**

☐ Check this box and provide your email address if you want to receive five (5) years of identity theft protection and credit monitoring services. Credit monitoring codes will be sent separately after the Court grants final approval of the Settlement.

Email Address: _____

**Verification & Signature**: I swear under penalty of perjury under the laws of the United States that the information in this Claim Form is true and correct to the best of my knowledge and belief.

**Signature:** _____ **Printed Name:** _____ **Date:** _____

A proposed Settlement has been reached in a class action lawsuit titled; *Bundage, et al. v. Order Express, Inc.*, No. 1:22-cv-07210 (N.D. Ill.) (the "Lawsuit"). The lawsuit asserts claims against Order Express related to a ransomware attack about which Order Express notified potentially impacted individuals in December 2022 (the "Ransomware Attack"). Order Express denies all of the claims and denies that it did anything wrong.

**Who is Included? Records indicate that you may be a member of the Settlement Class.** The Settlement Class is defined by the Court as individual U.S. residents to whom Order Express sent notice of the Ransomware Attack on or about December 15, 2022.

**What does the Settlement Provide?** The proposed Settlement would create a Settlement Fund of $1,500,000.00 that would be used to pay all costs of the Settlement, including: (1) reimbursement for Ordinary Out-of-Pocket Losses and (2) reimbursement for Extraordinary Losses and Attested Time; (3) Residual Cash Payments; (4) 5 years of identity theft protection and credit monitoring services; (5) notice and administration costs; (6) a service award payment, as may be approved by the Court (up to $5,000.00); and (7) attorneys' fees (up to TBD% of the Settlement Fund or **$TBD)** and expenses (up to $TBD), as may be awarded by the Court. The Settlement also releases all claims or potential claims of Settlement Class Members against Order Express arising from or related to the Ransomware Attack, as detailed in the Class Settlement Agreement and Release.

**How To Get Benefits:** Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (1) **a Residual Cash Payment of up to $550.00**, (2) Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual, (3) Reimbursement of Extraordinary Losses up to $6,500 per individual, including Attested Time for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour, and (4) 5 years of identity theft protection and credit monitoring services. Depending on how many valid claims are submitted, the amounts of the reimbursements, Attested Time payments, and Residual Cash Payments will be adjusted upward (to the maximum amounts described above) or downward proportionally among Settlement Class Members submitting valid claims. Claim Forms must be postmarked or submitted online in **TBD** by TBD.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **TBD.** If you do not exclude yourself, you will give up any right to sue Order Express for the claims that this Settlement resolves as more fully described in the Settlement Agreement, available at the Settlement website. If you do not exclude yourself, you may object to the Settlement by **TBD.**

The Court has scheduled a Final Fairness Hearing in this case for **TBD**, to decide whether to approve the Settlement. The Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. You or your own lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing could reschedule to a different date or time, so please check the Settlement website for those details.

**More Information.** Complete information about your rights and options, as well as important documents (including the Settlement Agreement) are available at **TBD**. You may also call toll-free **TBD**.

_____

_____

Claims Administrator
Bundage, et al. v. Order Express, Inc.
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT C

## NOTICE OF CLASS ACTION SETTLEMENT
### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
*Aisha Bundage, et al. v. Order Express, Inc.,* Case No. 1:22-cv-07210

**To:** **All individual U.S. residents to whom Order Express, Inc. ("Order Express") sent notice, on or about December 15, 2022, that their information may have been impacted in a Ransomware Attack, defined below.**

A proposed settlement has been reached in a class action lawsuit titled, *Bundage, et al. v. Order Express, Inc.*, No. 1:22-cv-07210 (N.D. Ill.) (the "Lawsuit"). The Lawsuit asserts claims against Order Express related to a ransomware attack about which Order Express notified potentially impacted individuals in December 2022 (the "Ransomware Attack"). Order Express denies all of the claims and denies that it did anything wrong.

The settlement offers potential cash payments, reimbursements, and identity-theft protection and credit monitoring service to all individual U.S. residents to whom Order Express sent notice, on or about December 15, 2022, that their information may have been impacted in the Ransomware Attack ("Settlement Class Members"), as follows:

(1)   **A Residual Cash Payment of up to $550.00**.  Claims for Residual Cash Payments of a maximum value of $550 will be decreased *pro rata* to consume the remaining amount of the Settlement Fund after payment for Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court,

(2)   Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Ransomware Attack that were incurred between July 29, 2022 and the Claims Deadline (***Documentation Required***),

(3)   Reimbursement of Extraordinary Losses up to $6,500 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses (***Documentation Required***),

(4)   Settlement Class Members with valid, documented Extraordinary Losses may also submit a claim for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the time associated with each action ("Attested Time"), and/or

(5)   Five (5) years of identity theft protection and credit monitoring services.

**Settlement Class Members must submit a Claim Form to be eligible to receive these benefits.**

Questions? Visit WEBSITE or Call Toll-Free 1-XXX-XXX-XXXX

1

If you are a Settlement Class Member, your options are:

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a valid claim form to receive a payment from this Settlement. | |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Order Express over the claims resolved in the settlement. | |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. | |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. | |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **TBD** or by calling 1-800-XXX-XXXX.

### Further Information about this Notice and the Lawsuits

| *1.* | *Why was this Notice issued?* |
|---|---|

Settlement Class Members are eligible to receive payment from a proposed settlement of the Lawsuit. The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

| *2.* | *What is the Lawsuit about?* |
|---|---|

The Lawsuit is a proposed class action lawsuit brought on behalf of certain Order Express customers whose information may have been accessed and exfiltrated by unauthorized individuals as part of the Ransomware Attack. The affected information may include name, Social Security, and driver's license number.

The Lawsuit claims Order Express is legally responsible for the Ransomware Attack and asserts various legal claims, including negligence, breach of implied contract, declaratory judgment, and violation of California's Consumer Privacy Act. Order Express denies these claims and denies that it did anything wrong.

**3. Why is the Lawsuit a class action?**

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all of these people are the "class" and each individually is a "class member." There is one Representative Plaintiff in this case: Aisha Bundage. The class in this case is referred to in this Notice as the "Settlement Class."

**4. Why is there a settlement?**

The Representative Plaintiff in the Lawsuit, through her attorneys, investigated the facts and law relating to the issues in the Lawsuit. The Representative Plaintiff and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiff's claims or Order Express's defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Order Express did anything wrong, or that the Representative Plaintiff and the Class would or would not win their case if it were to go to trial.

**Terms of the Proposed Settlement**

**5. Who is in the Settlement Class?**

The Settlement Class is defined by the Court as all individual U.S. residents to whom Order Express sent notice of the Ransomware Attack. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Order Express; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge.

**6. What are the terms of the settlement?**

The proposed settlement would create a Settlement Fund of $1,500,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims, (ii) costs of administration and notice (approximately $___), (iii) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $TBD% of the Settlement Fund (or up to $TBD) plus litigation costs and expenses of up to $TBD), and (iv) any service award to the Representative Plaintiff awarded by the Court (up to $TBD total). The settlement also releases all claims or potential claims of Settlement Class Members against Order Express arising from or related to the Ransomware Attack, as detailed in the Class Settlement Agreement and Release.

**7. What claims are Settlement Class Members giving up under the settlement?**

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any final judgment entered by the Court, and will give up their right to sue Order Express and other Released Persons (as defined in the Settlement Agreement) for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Order Express and other Released Persons arising from or related to the Ransomware

Attack. The claims that Settlement Class Members are releasing are described in Section 6.1 of the Class Action Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.24 of the Class Action Settlement Agreement and Release. Section 9.1 of the Class Settlement Agreement and Release explains when such releases will occur.

## Payments to Settlement Class Members

| 8. | *What kind of payments can Settlement Class Members receive?* |
|----|---|

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund:

(1) **a Residual Cash Payment of up to $550,**

(2) Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Ransomware Attack that were incurred between July 29, 2022, and the Claims Deadline,

(3) Reimbursement of Extraordinary Losses up to $6,500 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses,

(4) Settlement Class Members with valid, documented Extraordinary Losses may also submit a claim for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the Attested Time associated with each action, and/or

(5) Five years of identity theft protection and credit monitoring services.

Depending on how many valid claims are submitted, the amounts of the reimbursements, Attested Time payments, and Residual Cash Payments will be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims, as explained further below in Question 12.

| 9. | *What is the Residual Cash Payment?* |
|----|---|

**Every Settlement Class Member is eligible to receive a Residual Cash Payment of up to $550**, regardless of whether he or she experienced any unauthorized charges or identifiable losses related to the Ransomware Attack. Settlement Class Members seeking a Residual Cash Payment must provide the information required on the Claim Form. The Residual Cash Payment is subject to upward (to a maximum of $550) or downward adjustment as described below in Question 12.

Eligibility for any award, including the Residual Cash Payment, is within the discretion of the Claims Administrator as outlined in Paragraph 16.

| 10. | *What is Reimbursement for Ordinary Out-of-Pocket Losses?* |
|----|---|

Settlement Class Members who incurred unreimbursed costs, losses, or expenditures in responding to notice of the Ransomware Attack between July 29, 2022, and the Claims Deadline may be eligible to receive a reimbursement for these costs, losses, or expenditures.

Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

If it is verified that a Settlement Class Member meets all the criteria described in the Settlement Agreement, and they submit proof of their unreimbursed costs, losses, and expenditures and the dollar amount of those costs, losses, and expenditures, they will be eligible to receive reimbursement of up to $500.00.

Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| 11. | *What is Reimbursement for Extraordinary Losses?* |
|---|---|

Settlement Class Members who incurred unreimbursed costs, losses, or expenditures that are fairly traceable to the Ransomware Attack and not reimbursable as Ordinary Out-of-Pocket Losses may be eligible to receive a reimbursement for these costs, losses or expenditures.

Extraordinary Losses will be deemed "fairly traceable" to the Ransomware Attack if (1) the timing of the cost or expenditure occurred on or after July 29, 2022; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Order Express prior to the Ransomware Attack.

Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.

If it is verified that a Settlement Class Member meets all the criteria described in the Settlement Agreement, and they submit proof of their unreimbursed costs, losses, and expenditures and the dollar amount of those unreimbursed costs, losses, and expenditures, they will be eligible to receive reimbursement of your documented unreimbursed costs, losses, and expenditures of up to $6,500.00.

Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" that documents the unreimbursed costs, losses, or expenditures incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| 12. | *When and how will the amount of settlement payments be adjusted?* |
|---|---|

If the aggregate amount of approved Claims for Ordinary Out-of-Pocket Losses and approved Claims for Extraordinary Losses and Attested Time exceeds the remaining amount of the Settlement Fund after payment for costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court, approved Claims for Ordinary Out-of-Pocket Losses and approved Claims for Extraordinary Losses and Attested Time will be decreased *pro rata* to consume the remaining amount of the Settlement Fund.

Claims for Residual Cash Payments will be increased *pro rata* to a maximum of $550 or decreased *pro rata* to consume the remaining amount of the Settlement Fund after payment for approved Claims for Ordinary Out-of-Pocket Losses, approved Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court.

| 13. | *What happens after all claims are processed and there are funds remaining?* |

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Order Express.

### **Your Options as a Settlement Class Member**

| 14. | *If I am a Settlement Class Member, what options do I have?* |

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you <u>must</u> complete and submit a Claim Form postmarked or submitted online at TBD by [INSERT DATE]**.

If you do not want to give up your right to sue Order Express about the Ransomware Attack or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 18 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 21 below for instructions on how to submit an objection.

| 15. | *What happens if I do nothing?* |

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Order Express and other Released Persons related to the claims released by the settlement.

| 16. | *How do I submit a claim?* |

You may complete the Claim Form online at TBD. You may also obtain a paper Claim Form by downloading it at TBD or by calling the claims administrator at [INSERT TOLL-FREE NUMBER]. If you choose to complete a paper Claim Form, you may either submit the completed and signed Claim Form and any supporting materials electronically at TBD or mail them to:

Order Express Claims Administrator
Attn: Claim Forms
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

If you **do not** wish to make a Claim for Reimbursement of Ordinary Out-of-Pocket Losses, Reimbursement of Extraordinary Losses, or Attested Time, but you **do** wish to make a claim for a Residual

Cash Payment and/or Credit Monitoring Services, you may fill out and return the "tear off" claim form attached to the mailed notice of this settlement, for which the postage is prepaid.

| 17. | Who decides my settlement claim and how do they do it? |
|---|---|

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

| 18. | How do I exclude myself from the settlement? |
|---|---|

To opt out of the settlement you must make a signed, written request that (i) says you wish to exclude yourself from the Settlement Class in this Lawsuit, and (ii) includes your name, address and phone number. You must submit your request through the settlement website (TBD) or mail your request to this address:

Order Express Claims Administrator
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

Your request for exclusion must be submitted online or postmarked by [**INSERT DATE**].

| 19. | If I exclude myself, can I receive any payment from this settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in this Lawsuit.

| 20. | If I do not exclude myself, can I sue Order Express for the Ransomware Attack later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Order Express and other Released Persons for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting payment.

| 21. | How do I object to the settlement? |
|---|---|

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it, along with any supporting papers, must be mailed to the Clerk of the Court, Settlement Class Counsel and Order Express's Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, [**INSERT OBJECTION DEADLINE**]:

| Court | Order Express's Counsel |
|---|---|
| Office of the Clerk<br>U.S. District Court for the Northern District of Illinois<br><br>Clerk's Office<br>Dirksen U.S. Courthouse<br>219 S. Dearborn Street<br>Chicago, IL 60604 | TBD |
| **Settlement Class Counsel** | |
| Patrick A. Barthle II<br>**Morgan & Morgan**<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602 | Ryan D. Maxey<br>**Maxey Law Firm, P.A.**<br>107 N. 11th St. #402<br>Tampa, Florida 33602 |

To be considered by the Court, your objection must list the name of the Lawsuit pending in the Northern District of Illinois: *Bundage, et al. v. Order Express, Inc.*, No. 1:22-cv-07210 (N.D. Ill.), and include all of the following information: (i) the name or caption of this Litigation; (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### Court Approval of the Settlement

| 22. | How, when and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Dirksen U.S. Courthouse,

219 S. Dearborn Street, Room 2503 Chicago, IL 60604. Please visit the Court's website at https://www.ilnd.uscourts.gov/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and the request for a service award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check https://www.ilnd.uscourts.gov/ or access the Court docket in this

case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system to confirm the schedule if you wish to attend.

| 23. | Do I have to attend the hearing? |
|---|---|

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 21. You or your own lawyer are welcome to attend the hearing at your expense but are not required to do so.

| 24. | What happens if the Court approves the settlement? |
|---|---|

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded. The Claims Administrator will pay any attorneys' fees and costs award and any Representative Plaintiff's service award from the Settlement Fund. Then, within the later of 60 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

| 25. | What happens if the Court does not approve the settlement? |
|---|---|

If the Court does not approve the settlement, no Settlement Fund will be created, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiff, and the case will proceed as if no settlement had been attempted.

## Lawyers for the Settlement Class and Order Express

| 26. | Who represents the Settlement Class? |
|---|---|

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

| | |
|---|---|
| Patrick A. Barthle II<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>(813) 559-4908<br>pbarthle@forthepeople.com | Ryan D. Maxey<br>**MAXEY LAW FIRM, P.A.**<br>107 N. 11th St. #402<br>Tampa, Florida 33602<br>(813) 448-1125<br>ryan@maxeyfirm.com |

Settlement Class Members will not be charged for the services of Settlement Class Counsel; Settlement Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

| 27. | How will the lawyers for the Settlement Class be paid? |
|---|---|

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees up to TBD% of the Settlement Fund (or up to $TBD), plus reasonable costs and expenses (up to $TBD), which shall be paid from the Settlement Fund. Settlement Class Counsel will also request approval of a service award of $TBD to the Representative Plaintiff, which shall also be paid from the Settlement Fund.

| 28. | Who represents Order Express in the Lawsuit? |
|---|---|

Order Express is represented by the following lawyers:

TBD

## **For Further Information**

| 29. | What if I want further information or have questions? |
|---|---|

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Action Settlement Agreement and Release available at **TBD**, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 26 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system or by visiting the Clerk's Office, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

You can also contact the Claims Administrator by mail, email, by calling toll-free:

Order Express Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
SETTLEMENT WESBITE
EMAIL ADDRESS
1-XXX-XXX-XXXX

## **Please do not contact the Court.**

# EXHIBIT D

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC FLORENCE and AISHA BUNDAGE, <br><br> on behalf of themselves and all others similarly situated, <br><br>       Plaintiffs, <br><br> v. <br><br> ORDER EXPRESS, INC., <br><br>       Defendant. | Case No.: 1:22-cv-07210 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL AND TO DIRECT NOTICE OF PROPOSED
<u>SETTLEMENT TO THE CLASS</u>**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval and to Direct

Notice of Proposed Settlement to the Settlement Class (Doc. __), the terms of which are set forth

in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiffs' motion

(the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the

motion and orders as follows:

         1.      **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement

provides for: (i) a Settlement Class consisting of individuals to whom Defendant Order Express,

Inc. ("Order Express") sent notice of the Ransomware Attack that Order Express announced on or

around December 15, 2022, defined as follows:

        <u>Settlement Class</u>: All individual U.S. residents to whom Order Express sent notice
        of the Ransomware Attack.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the

Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges'

---

[1] All capitalized terms herein have the same definitions as set forth in the Settlement Agreement.

1

respective families; (2) officers, directors, members and shareholders of Order Express; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiff are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; d) the Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiff has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Class Representative and Class Counsel**. The Court finds for settlement purposes only that the Representative Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A) and

be appointed as the Class Representative. Additionally, the Court finds that Proposed Class Counsel, Patrick A. Barthle II of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. will likely satisfy the requirements of Rule 23(e)(2)(A) and for settlement purposes are appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the Settlement Class and accordingly it is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.     **Final Fairness Hearing**. A Final Fairness Hearing shall be held on _____ _____, 2024, at _____ [via telephone or videoconference or in-person at the Dirksen U.S. Courthouse, 219 S. Dearborn Street, Room 2503, Chicago, IL 60604], to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement;

(e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (e) the application of the Class Representative for a service award should be approved.

6.      **Claims Administrator**. The Court appoints Angeion Group, LLC as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice, Notice Program, and Claims Administration. The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

7.      **Notice**. The proposed method for providing notice set forth in the Settlement Agreement and the Claim Form and Class Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and

is designed to be readily understandable by class members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

**Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt-out of the settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*Bundage, et al. v. Order Express, Inc.*, in the United States District Court for the Northern District of Illinois, Case No. 1:22-cv-07210, or similar identifying words such as "Order Express Ransomware Attack Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Order Express's Counsel within 7 days of the Opt-Out Date.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement.

Upon entry of the Final Approval Order and Judgment all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Persons under the Settlement Agreement with respect to the Release Claims.

9. **Objections and Appearances**. Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the settlement, Class Counsel's request for fees and expenses, and/or the request for a service award payment to the Representative Plaintiff; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(a) the name or caption of this Litigation;

(b) the objector's full name, address, telephone number, and e-mail address (if any);

(c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

(d)     a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e)     the identity of all counsel representing the objector, if any, in connection with the objection;

(f)     a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

(g)     a statement identifying all class action settlements objected to by the objector in the previous 5 years; and

(h)     the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed. Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

10.     **Claims Process**. The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, within thirty (30) days of preliminary settlement approval, Defendant will fund a non-reversionary cash settlement fund in the amount of $250,000.00 for the benefit of Settlement Class Members (the "Settlement Fund"). Within thirty (30) days of the Effective Date as defined in ¶ 1.12, Defendant will further fund the Settlement

Fund in the amount of $1,250,000.00 for the benefit of Settlement Class Members. The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary Out-of-Pocket Losses; (2) reimbursement for Extraordinary Losses and Attested Time; (3) Residual Cash Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) a service award payment approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Forms or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

11.    **Termination of Settlement**. This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: (a) the settlement is not finally approved by the Court; (b) the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or (c) there is no Effective Date. In such event, the settlement and Settlement

Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this litigation. The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

12. **<u>Use of Order</u>**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against Order Express of any fault, wrongdoing, breach, or liability for any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Representative Plaintiff or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

13. **<u>Continuance of Hearing</u>**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class.

If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator. The Court may approve the settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

14. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| ACTION | DATE |
|---|---|
| Defendant Provides Class Member List | Within 7 days of an order directing class notice |
| Class Notice Date | 30 days after entry by the Court of the Preliminary Approval Order |
| Completion of Notice Program | 60 days after entry of the Preliminary Approval Order |
| Motion for Attorneys' Fees, Expenses, and Service Awards to RP | 14 days prior to the Objection Deadline |
| Exclusion / Opt-Out Deadline | 60 days from the Class Notice Date |
| Objection Deadline | 60 days from the Class Notice Date |
| Deadline to Submit Claims | 90 days after the Class Notice Date |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled no earlier than 150 days after entry of Preliminary Approval Order) |

**DONE AND ORDERED** in Chicago, Illinois on this _____ day of _____, 2024.

_____

**HON. VIRGINIA M. KENDALL**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT E

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC FLORENCE and AISHA BUNDAGE, on behalf of themselves and all others similarly situated, | Case No.: 1:22-cv-07210 |
| Plaintiffs, | |
| v. | |
| ORDER EXPRESS, INC., | |
| Defendant. | |

### [PROPOSED] FINAL APPROVAL ORDER

Before the Court are Plaintiff's Motion for Final Approval of Class Action Settlement (the "Final Approval Motion")[1] (ECF No. __), and Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Award (the "Fees, Costs, and Service Award Motion") (ECF No. __). Having fully considered the issues, the Court hereby **GRANTS** both the Final Approval Motion and the Fees, Costs, and Service Award Motion, and orders as follows:

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's _____ Order Granting Plaintiff's Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class ("Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the

---

[1] The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. __) (the "Settlement").

1

Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Litigation with prejudice.

A Final Fairness Hearing was held on _____. Prior to the Final Fairness Hearing, on _____, Plaintiff filed the Fees, Costs, and Service Award Motion, and on _____, Plaintiff filed the Final Approval Motion. Counsel for the Parties appeared [in person/via Zoom] and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Order Express's counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Award Motion, and having reviewed the materials in support thereof, for the reasons stated on the record during the Final Fairness Hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      The Final Approval Motion and the Fees, Costs, and Service Award Motion are **GRANTED** as stated herein.

2.      The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3.      <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all parties thereto, including the Settlement Class.

4.      <u>The Settlement is Fair, Reasonable, and Adequate</u>: The Court finds that the

Settlement was entered into by the Parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive.

5.  <u>Class Certification for Settlement Purposes Only</u>: For purposes of the Settlement only, the Court finds and determines that the Litigation may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 63,221 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Representative Plaintiff and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally certify the Settlement Class. Order Express retains all rights to assert that this Litigation may not be certified as a class action, other than for settlement purposes.

6.  <u>Class Definition</u>: The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of individuals to whom Order Express sent notice of the data-security incident that Order Express announced in December 2022, defined as follows:

> <u>Settlement Class</u>: All individual U.S. residents to whom Order Express sent notice of the Ransomware Attack.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Order Express; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Ransomware Attack or who pleads nolo contendere to any such charge.

7. <u>Class Notice</u>: The approved Notice Program provided for the Postcard Notice to be mailed to all members of the Class who have been identified by Order Express through its records with a mailing address, and the Class Notice to be posted on the Settlement Website for those whose mailing addresses were not available within Order Express's records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Postcard Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Class Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries.

8. <u>Findings Concerning Notice</u>: The Court finds and determines that the Notice Program, preliminarily approved on _____, and implemented on _____, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715,

and all other applicable laws and rules. The Notice Program involved direct notice via mail and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9.      Appointment of Class Representative: The Court appoints Plaintiff Aisha Bundage as Class Representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

10.     Appointment of Class Counsel: The Court appoints Plaintiff's attorneys Patrick A. Barthle II of Morgan & Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. as Settlement Class Counsel.

11.     Exclusion from Class: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class. [No one opted to be excluded from the Settlement OR The ___ person(s) identified on Exhibit __ to the Final Approval Motion who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Litigation.]

12.     Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Litigation, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should

not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. [There were no objections filed in this case to either the Settlement or the attorneys' fees and expenses award OR the Court has considered the objection(s) to the Settlement submitted by ___ and concludes such objection(s) is/are without merit and overruled]. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in ¶ 9 of the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13. <u>Release</u>: Upon the entry of this Order, the Representative Plaintiff and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Order Express and the Released Persons based on, relating to, concerning, or arising from the Ransomware Attack and alleged theft or misuse of PII, and the Representative Plaintiff and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims as set forth in the Settlement Agreement.

14. <u>Attorneys' Fees and Costs</u>: Class Counsel moved for an award of attorneys' fees and litigation expenses on _____, which Order Express did not oppose. Class Counsel requested $_____ in attorneys' fees and litigation costs. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through the Litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees and litigation costs in the amount of $_____. This

amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

15.     <u>Service Award</u>: Representative Plaintiff moved for a Service Award on       , which Order Express did not oppose. Representative Plaintiff requested a service award of $      . The Court finds that Representative Plaintiff's request for a Service Award is fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Representative Plaintiff's willingness to act as a class representative and assist Class Counsel in this litigation. Accordingly, Representative Plaintiff is awarded a Service Award in the amount of $      . This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16.     <u>Payment to Settlement Class Members</u>: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved claim, for the credit monitoring services, for the attorneys' fees and costs, for the service award, and for all settlement administration costs.

17.     <u>Funds Held by Settlement Administrator</u>: All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court. If any funds remain in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, attorneys' fees and expenses awarded by the Court, and payment of Claims for Residual Cash Payments, such funds will be disbursed to a *cy pres* recipient to be agreed upon

by the Parties and approved by the Court or, if they cannot agree, selected by the Court.

18.     <u>Dismissal with Prejudice</u>: The above-captioned Litigation is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Final Judgment separately entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

19.     Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF NO. __) and Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Award (ECF NO. __) are **GRANTED**.

20.     The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chicago, Illinois on this _____ day of _____, 2024.

_____
**HON. VIRGINIA M. KENDALL**
**UNITED STATES DISTRICT JUDGE**