THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC FLORENCE and AISHA BUNDAGE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ORDER EXPRESS, INC., <br><br> Defendant. | Case No.: 1:22-cv-07210 |

**PROPOSED CO-CLASS COUNSEL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO CLASS**

Ryan D. Maxey declares as follows:

1. I am one of Proposed Class Counsel[1] in this matter, together with Patrick A. Barthle. I have personal knowledge of all the matters addressed in this Declaration, including the negotiations that culminated with the filing of the proposed settlement (the "Settlement") now before the Court.

2. As detailed below, Proposed Class Counsel have led some of the country's most complex civil litigation; have been recognized by courts and national publications for our knowledge and experience in privacy and data breach cases; and are responsible for groundbreaking data breach settlements, including in settlements approved in this judicial district. For purposes of the Court's consideration of certifying the Settlement Class for settlement

---

[1] The parties to the settlement are Aisha Bundage, the Representative Plaintiff ("RP"), on behalf of the proposed Settlement Class, and Defendant Order Express, Inc. ("OE"). Capitalized terms used in this Brief have the same meaning as in the Settlement Agreement ("S.A."), attached to the motion for preliminary approval as Ex. 1.

purposes and appointing Class Counsel, I briefly summarize our qualifications as part of this Declaration.

### Patrick A. Barthle II

3. Mr. Barthle is the second-longest tenured attorney in the Class Action Department of Morgan & Morgan. Morgan & Morgan is the largest plaintiff-oriented, contingency-only law firm in the country, with over 800 lawyers throughout the United States. Its depth of skill as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country. Morgan & Morgan has demonstrated its willingness to zealously advocate for clients in data breach class actions by, among other things, pursuing and successfully obtaining class certification over the defendant's objection, *see In re: Brinker Data Incident Litig.*, No. 3:18-cv-00686 (M.D. Fla.), and successfully appealing the dismissal of cases for lack of standing or failure to state a claim, *see, e.g.*, *Sheffler v. Americold Realty Trust,* No. 1:21-cv-1075-TCB (N.D. Ga.); *Ramirez v. The Paradies Shops, LLC*, No. 1:21-cv-03758 (N.D. Ga.); and *Bohnak v. Marsh & McLennan Cos., Inc.*, No. 1:21-cv-06096 (S.D.N.Y.).

4. Mr. Barthle has deep substantive experience in data breach cases such as this one. He has deposed multiple C-suite-level executives in these types of cases, prepared and examined expert witnesses, as well as briefed and argued motions for class certification and summary judgment in any number of data breach cases. For example, in *In re: Yahoo! Inc. Customer Data Security Breach Litigation,* Case No. 16-md-2752, (N.D. Cal.), a data breach class action involving approximately 3 billion Yahoo user accounts, Mr. Barthle was deeply involved in discovery, including with the depositions of multiple Chief Information Security Officers ("CISO") and other cybersecurity related witness, including the Chief Information Officer ("CIO"); as well as assisting with the reports, and defending the depositions, of Plaintiffs' cybersecurity and identity theft

experts. Likewise, in the *In re Capital One Customer Data Security Breach Litigation*, Case No.: 1:19-md-2915 (E.D. Va.) case, Mr. Barthle was heavily involved in all aspects of discovery including drafting and arguing myriad motions to compel and the taking of various depositions, including multiple corporate representative witnesses for both Capital One and Amazon Web Services, as well as arguing and briefing summary judgment and class certification.

5. That experience is buoyed by Mr. Barthle's involvement in most of the highest profile data breach cases in the country, including substantive roles in cases such as, amongst others: *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (data breach involving 40 million payment cards); *In re Office of Pers. Mgmt. Data Breach*, No. 1:15-mc-01394-ABJ (D.D.C.) (data breach involving millions of federal employees); *Adkins. v. Facebook, Inc.*, No. C 18-05982 WHA (JSC) (N.D. Cal.) (data breach involving millions of Facebook users); and *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, 1:17-md-02800 (N.D. Ga.) (data breach involving in excess of 140 million individuals).

6. Mr. Barthle has been appointed as Co-Lead Counsel in multiple pending data breach class actions, including *Hernandez et al. v. Advance America, Cash Advance Centers, Inc. et al*, Case No. 7:23-cv-4256 (D. S.C.); *In re Great Expressions Data Security Incident Litigation*, Case No. 2:23-cv-11185 (E.D. Mich.); *Trottier et al. v. Sysco Corp.*, Case No. 4:23-cv-01818 (S.D. Tex.); and *Thomas et al. v. Citi Trends, Inc.*, Case No. 4:23-cv-00175 (S.D. Ga.).

7. Mr. Barthle has also been appointed as Settlement Class Counsel in a number of data privacy related cases, including:

    i. *Torres v. Wendy's Int'l., LLC*, No. 6:16-cv-210 (M.D. Fla.) (final approval granted), a payment card data breach case;

    ii. *Morrow v. Quest*, No.: 2:17-cv-0948(CCC)(JBC) (D.N.J.) (Final Approval

entered), a healthcare data breach case involving the loss of private health information (PHI); and

iii. *Abdelmessih v. Five Below Inc.*, Case No. 2:19-cv-01487 (E.D. Pa.) (Final Approval entered), a payment card data breach case.

8. Apart from data privacy cases, Mr. Barthle has been appointed as Class Counsel in other consumer class action cases, including in *Swaney v. Regions*, Case No. 2:13-cv-00544-JHE (N.D. Ala.) (TCPA class action, Final Approval entered), *Peterson v. Apria Healthcare Group, Inc.*, Case No. 6:19-cv-00856 (M.D. Fla.) (TCPA class action, Final Approval entered), and *Guidry v. Penn Credit*, Case No.: 6:19-cv-1936-Orl41LRH (M.D. Fla.) (TCPA class action, Final Approval entered); and in *Richards et al. v. Chime Financial, Inc.*, et al., Case No. 4:19-cv-06864 (N.D. Cal.), a case involving a payment disruption for certain payment card users.

9. Mr. Barthle is also no stranger to contested class certifications, having certified nationwide and multi-state classes in cases such as *Still v. Selene Finance, LP*, Case No. CJ-2013-51 (Okla. Dist. Ct, Nowata County) (multi-state certified class action concerning property inspections fees related to HUD-backed mortgages, now pending on appeal); and *Nolen et al. v. Fairshare Vacation Owners Association*, Case No. 6:20-cv-330-PGB-EJK (M.D. Fla.) (nationwide class certified concerning alleged breaches of fiduciary duties involving a Wyndham timeshare program).

10. Prior to his class action legal practice, Mr. Barthle attended the University of Florida where he was admitted to the Honors Program and graduated, *cum laude*, with a double major in History and Criminology. Thereafter he attended Washington and Lee University School of Law, graduating *summa cum laude*, where he was a Lead Articles Editor for the Washington & Lee Law Review, a member of the Order of the Coif and the Phi Delta Phi Legal Honor Society,

and President of the W&L Law Families student organization. Mr. Barthle's practice began at Greenberg Traurig, LLP, where he was involved in complex civil, commercial, and environmental litigation. Thereafter, he served as a judicial law clerk for two years to the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida. Following his clerkship, Mr. Barthle joined Morgan & Morgan's Complex Litigation Group, where, as explained above, he has been litigating—almost exclusively—class action cases for several years.

### *Ryan D. Maxey*

11. Mr. Maxey has been practicing law for more than 15 years (3 as a law clerk to a federal judge, the remainder as a civil litigator). Mr. Maxey's skill and commitment to protecting the rights of class members in data breach cases is reflected in his successful appeal of 4 such cases dismissed for failure to state a claim or for lack of subject-matter jurisdiction. Appeals of such dismissals are rare, particularly in "smaller" cases impacting less than 200,000 individuals, yet Mr. Maxey chose to continue to fight for the benefits of putative class members. His oral arguments before the Eleventh Circuit Court of Appeals in *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213 (11th Cir. 2023) (approximately 76,000 reportedly impacted) and *Sheffler v. Americold Realty Tr.*, No. 22-11789, 2023 WL 3918491 (11th Cir. June 9, 2023) (approximately 140,000 reportedly impacted), both of which had been dismissed below for failure to state a claim, resulted in these cases being remanded for further proceedings. In another federal appeal that was resolved without oral argument, the Second Circuit Court of Appeals reversed the dismissal of a data breach case for failure to state a claim and remanded it for further proceedings. See *Bohnak v. Marsh & McLennan Companies, Inc.*, 79 F.4th 276 (2d Cir. 2023). The Fourth Circuit Court of Appeals recently reversed and remanded another action that was dismissed for lack of subject-matter jurisdiction based on a patient's failure to comply with the Federal Tort Claims Act. See *Ford v.*

*Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024) (approximately 39,000 reportedly impacted).

12. Mr. Maxey has also been appointed interim co-lead class counsel in several smaller data breach class action matters, including the following in which settlements have been finally or preliminarily approved from 2023 to 2024:

- *Hummel v. Teijin Automotive Techs., Inc.*, No. 2:23-cv-10341 (E.D. Mich.) (approximately 29,000 class members) (preliminary approval granted Apr. 2, 2024);

- *Hoover, et al. v. Camping World Group, LLC, et al.*, No. 2023LA000372 (DuPage County, Ill.) (approximately 35,000 class members) (final approval granted May 23, 2024);

- *Bitmouni v. Paysafe Payment Processing Solutions LLC*, No. 3:21-cv-00641-JCS (N.D. Cal.) (approximately 91,000 class members) (final approval granted Feb. 2, 2024);

- *Domitrovich, et al. v. M.C. Dean, Inc.*, 1:23-cv-00210-CMH-JFA (E.D. Va.) (approximately 45,000 class members) (preliminary approval granted Feb. 1, 2024);

- *Everetts v. Personal Touch Holding Corp.*, No. 2:21-cv-02061-JMA-LGD (E.D.N.Y.) (approximately 753,000 class members) (preliminary approval granted Jan. 22, 2024);

- *May, et al. v. Five Guys Enterprises, LLC*, No. 1:23-cv-00029-CMH-JFA (E.D. Va.) (approximately 37,000 class members) (preliminary approval granted Jan. 4, 2024);

- *Morales v. Orlando Family Physicians, LLC*, No. 2021-ca-009153-o (Orange County, Fla.) (approximately 447,000 class members) (final approval granted Sept. 14, 2023);

- *Farmer v. Humana Inc.*, et al., No. 8:21-cv-01478-MSS-SPF (M.D. Fla.) (approximately 64,000 class members) (final approval granted Feb. 13, 2023); and

- *Gamez, et al. v. PCS Revenue Control Systems, Inc.*, No. 2:21-cv-08991-JXN-AME (D. N.J.) (approximately 867,000 class members) (final approval granted Feb. 6, 2023).

13. Mr. Maxey is currently court-appointed interim co-lead class counsel in the following cases that have not settled or for which preliminary approval is pending: *Moreland, et al. v. 1st Franklin Financial Corporation*, No. 2:23-cv-00038-SCJ (N.D. Ga.); and *Ware, et al. v. San Gorgonio Memorial Hospital*, No. CVRI 2301216 (Riverside County, CA).

### *Overview of the Litigation*

14. On or around July 29, 2022, to September 7, 2022, OE experienced a Ransomware Attack on its network. OE's investigation of the Ransomware Attack determined that the threat actor accessed data pertaining to OE's customers, including name, Social Security number, and driver's license number. On or around December 15, 2022, OE announced the Ransomware Attack. On December 28, 2022, RP filed a Class Action Complaint in this Court and later filed an Amended Class Action Complaint, (ECF No. 15) (the "Complaint"). Proposed Class Counsel have invested many hours investigating the claims in this case. Proposed Class Counsel also retained an expert to search for evidence that information exfiltrated during the Ransomware Attack was available on the dark web.

15. In ruling on OE's motion to dismiss, the Court denied the motion.

### *Overview of Settlement Discussions*

16. To explore and potentially negotiate a class-wide settlement, on February 1, 2024, the parties participated in a full-day mediation facilitated by an experienced mediator, Bennett Picker. After a full day of negotiations, the parties remained at an impasse. Following adjournment, the parties continued to exchange information, and on March 9, 2024, the parties reached an agreement in principle on a $1,500,000.00 Settlement Fund, the terms of which were later finalized in this Settlement Agreement and the attached exhibits.

17. The negotiations were hard-fought throughout, and the process was conducted at

arm's length and non-collusive. The mediation did not occur until after OE, in response to interrogatories, requests for production, requests for admission, and mediation-related information requests, produced information related to (i) how OE acquired the information of RP and class members, (ii) why OE stored the information as it did, (iii) OE's communications with the threat actor, (iv) OE's efforts to mitigate the impact of the Ransomware Attack on RP and class members, (v) the nature of the Ransomware Attack and the identity of the threat actor, (vi) OE's knowledge of how the Ransomware Attack was effected, and (vii) the number of class members with particular data elements impacted. After extensive arm's length settlement negotiations, the parties reached an agreement on the essential terms of settlement. The subject of attorneys' fees, costs, and expenses, subject to Court approval, was negotiated only after all substantive terms of the Settlement were agreed upon by the parties.

### *The Settlement Benefits Conferred on the Class*

18. Under the proposed Settlement, OE will pay $1,500,000.00 into a Settlement Fund for class benefits, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses award by the Court. The specific benefits available to Settlement Class Members are detailed in the Settlement Agreement, and include:

> **Ordinary Out-of-Pocket Losses.** All Settlement Class Members may submit a claim for reimbursement for "Ordinary" Out-of-Pocket Losses up to $500 per individual. S.A. ¶ 2.4. "Ordinary" Out-of-Pocket Losses are unreimbursed costs, losses, or expenditures incurred by a Class member in responding to notice of the Ransomware Attack that were incurred between July 29, 2022 and the Claims Deadline. *Id.* ¶ 2.4.1.
>
> **Extraordinary Losses and Attested Time.** In addition to submitting a claim for Ordinary Out-of-Pocket Losses, Settlement Class Members who believe they have suffered identity theft, fraud, or other extraordinary losses may submit a claim for Extraordinary Losses and Attested Time up to $6,500 per individual. S.A. ¶ 2.5. "Extraordinary Losses" are unreimbursed costs, losses, or expenditures incurred by a Settlement Class Member that are fairly traceable to the Ransomware Attack, and are costs, losses, or expenditures that are not reimbursable as Ordinary Out-of-Pocket Losses. Extraordinary Out-of-Pocket Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or

identity fraud, falsified tax returns, or other possible misuse of the Settlement Class Member's personal information. *Id*. ¶ 2.5.1. Settlement Class Members with valid, documented Extraordinary Out-of-Pocket Losses may also submit a claim for up to 10 hours of time spent remedying issues related to the Ransomware Attack at a rate of $30 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Ransomware Attack; and (2) the time associated with each action ("Attested Time"). *Id*. ¶ 2.5.4.

**Residual Cash Payment.** In addition to making Claims for Ordinary Out-of-Pocket Losses and/or Claims for Extraordinary Out-of-Pocket Losses and Attested Time, Settlement Class Members may elect to receive a cash payment of up to $550 on a claims-made basis. *Id*. ¶ 2.7. The amount of the payment will be calculated by dividing the funds remaining in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses, Claims for Extraordinary Out-of-Pocket Losses and Attested Time, costs of Credit Monitoring Services, notice and administration costs, and service award payments and attorneys' fees and expenses awarded by the Court, by the number of Residual Cash Payment claimants, and thus could be less than $550. *Id.* ¶ 2.7.

**Credit Monitoring/Identity Theft Protection Services**. Settlement Class Members who submit a claim can elect to enroll in five years of identity theft protection and credit monitoring services under the settlement that will include the following features: (1) dark web scanning with user notification if potentially unauthorized use of a Settlement Class Member's personal information is detected; (2) identity theft insurance; (3) real-time credit monitoring with Equifax, Experian, and TransUnion; and (4) access to fraud resolution agents. *Id.* ¶ 2.8. These services will be made available to all Settlement Class Members who choose to enroll regardless of whether they submit a Claim for Ordinary Out-of-Pocket Losses, a Claim for Extraordinary Losses and Attested Time, and/or a Claim for a Residual Cash Payment under the settlement. *Id.*

19. Settlement Class Members seeking any of these benefits must complete and submit either a written or online Claim Form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. *Id*. ¶ 2.9.2. For Claims for Ordinary Out-of-Pocket Losses and Claims for Extraordinary Losses and Attested Time, the claimant must provide documentation supporting their claim (*id*. ¶¶ 2.4.2, 2.5.2).

As for equitable relief, for a period of 3 years following execution of the Settlement, OE commits to pay for, implement and continue certain data-security enhancements and business practices. *Id*. ¶ 2.10.

*The Notice and Claims Process*

20. Proposed Class Counsel request that the Court appoint Angeion Group, LLC ("Angeion") as Settlement Administrator to provide notice to class members and to process claims. Notice will be sent by direct U.S. Mail to each Settlement Class Member. The Notice Plan designed by Angeion satisfies the "best notice practicable" standard pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Notice and Claims Process is described in detail in the supporting declaration of Steven Weisbrot attached to the Preliminary Approval Motion as Exhibit 3.

### *Attorneys' Fees and Expenses*

21. Proposed Class Counsel will separately move the Court for an order awarding attorneys' fees expressed as a percentage of the value conferred on the Settlement Class, and for reimbursement of costs and expenses incurred in the case, to be paid from the Settlement Fund. OE takes no position on an application by Representative Plaintiff's counsel for an award of attorneys' fees and litigation costs and expenses not to exceed $500,000 (one third of the Settlement Fund), subject to Court approval. S.A. ¶ 7.2. This provision was a separately negotiated provision of the Settlement Agreement, which was not discussed until after the Parties had agreed on relief to the Settlement Class. Proposed Class Counsel believes this fee is justified given the class benefits generated through their skill and efforts, and when considered in light of the substantial monetary and nonmonetary benefits conferred on the Settlement Class.

22. Proposed Class Counsel will also seek a Service Award of up to $2,500 for Representative Plaintiff, who provided detailed information of the circumstances regarding the impact of the Ransomware Attack that was vital to Proposed Class Counsel's investigation and litigation of the Settlement Class's claims. Furthermore, Representative Plaintiff remained active in the case, communicating with the attorneys working on the case during subsequent phases of

the case, including assisting with the initial and amended complaints and approving the settlement. OE takes no position on an application by Representative Plaintiff for a service award not to exceed $2,500.00. *Id*. ¶ 7.3. Both the application for Attorneys' Fees and Expenses, and the application for Service Award will be filed at least 14 days before the Objection Deadline.

### *Releases*

23. The Settlement Class will release the Released Persons from claims that were or could have been asserted in this case. *Id*. ¶ 6.1. Proposed Class Counsel believe the releases are appropriately tethered to the claims that were presented in the litigation and therefore appropriate consideration in exchange for the substantial class relief provided by the Settlement.

### *The Settlement is Fair, Reasonable, and Adequate*

24. The proposed settlement is a fair and adequate result. If approved, it will deliver substantial relief specifically tailored to the types of harm often incurred as a result of criminal data breaches. Reimbursement for Ordinary Out-of-Pocket Losses, reimbursement for Extraordinary Losses and Attested Time, Residual Cash Payments of up to $550, and Credit Monitoring Services; all available under the Settlement, are precisely the types of issues that Proposed Class Counsel and RP sought to redress through this litigation. OE's commitment to pay for, implement and continue certain data-security enhancements and business practices for a period of 3 years following the execution of the S.A., *id.* ¶ 2.10, provides further value and comfort that more will be done going forward to prevent additional breaches of Settlement Class Members' personal information still held by OE.

25. Based on Proposed Class Counsel's experience in other data breach cases, the funds available to Class Members are tailored to address the losses stemming from the Ransomware Attack. When a victim incurs out-of-pocket expenses relating to a data breach, it is typically

associated with seeking advice about how to address the breach (e.g., paying for professional services), paying incidental costs associated with identity theft or fraud (e.g., overdraft fees or costs for sending documents by certified mail), or taking mitigative measures like paying for credit monitoring or credit freezes. As such, the ordinary out-of-pocket expenses associated with a data breach are generally relatively modest, and rarely exceed several hundred dollars. When victims spend more than this amount, it is typically associated with paying for professional services such as accountant or attorneys' fees.

26. The Settlement must also be viewed against the significant risks to Representative Plaintiff had she continued to litigate the case. There was a risk that Representative Plaintiff's claims would not have survived, or survived in full, on a class-wide basis. Additional litigation would be complex, costly, and likely continue for several years with no guarantee of relief. A settlement now would allow class members to obtain relief without high administrative burdens.

27. Based on the factual record and the briefing and argument on legal issues, Proposed Class Counsel believe the Settlement is in the best interests of the Settlement Class.

28. Finally, there is no indication that there are any conflicts between the Representative Plaintiff and the Settlement Class. Rather, Representative Plaintiff's claims are substantially similar to the claims of the Settlement Class. Each of them was impacted by the Ransomware Attack due to the unauthorized access to their personal information. Moreover, in crafting the Settlement, we took care to ensure that the relief was allocated commensurate to the value of each Settlement Class Member's respective claims—those that suffered a greater loss will be able to make a proportionately larger claim than those that did not.

29. In light of the totality of the circumstances, the Court should conclude that the Settlement as described in the Settlement Agreement is fair, reasonable, and adequate and likely

to achieve final approval, and therefore notice should issue to the class.

### *Appointment of Class Counsel*

30. I respectfully submit that Proposed Class Counsel have diligently served the class and the Court in litigating this case and presenting this Settlement for initial approval requesting issuance of notice and therefore request that we be appointed as Class Counsel pursuant to Fed. R. Civ. P. Rule 23(g) for purposes of implementing this Settlement.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 18th day of June, 2024 in the United States of America.

_____/s _Ryan D. Maxey_____

Ryan D. Maxey